## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JACKIE TRAWICK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **Vs.** | ) | **Civil Action Number: 1:07-CV-1101-MHT** |
| | ) | |
| **RONNIE EUGENE RUSS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S
## MOTION FOR LEAVE TO AMEND ANSWER

**COMES NOW**, the Plaintiff in the above styled cause and files her opposition to

Defendant's Motion for Leave to Amend Answer and as grounds for said opposition, Plaintiff

says as follows:

1.    The Complaint in this case was filed with the Court on December 19, 2007.

2.    The Defendant's Answer was filed with the Court on January 23, 2008.

Defendant raised no affirmative defenses in his Answer. Specifically, the Defendant plead the

general issue. A copy of Defendant's Answer is attached hereto as Exhibit "A".

3.    Plaintiff served Defendant with her First Interrogatories and Request for

Production of Documents to Defendant on January 4, 2008. A copy of said Interrogatories are

attached hereto as Exhibit "B".

4.    Plaintiff's Interrogatory Number 5 propounded to the Defendant reads as follows:

> If this Defendant contends that the Plaintiff was guilty of any fault,
> wrongdoing, or negligence that contributed to causing said accident or the
> injuries he thereby sustained, please state: (a) summarize the substance of
> these contentions; (b) state the facts and evidence upon which these
> contentions are based; and; (c) state the names and addresses of any and all

persons who have knowledge or any information relative to this contention.

5.    Plaintiff's Interrogatory Number 6 propounded to the Defendant reads as follows:

Describe in detail this Defendant's understanding of how the accident made the basis of this lawsuit occurred.

6.    Defendant's answer to Plaintiff's Interrogatory Number 5 reads as follows:

Not applicable.  Defendant has not pled Contributory Negligence.

7.    Defendant's answer to Plaintiff's Interrogatory Number 6 reads as follows:

I was headed south in the right lane of Highway 231 at a speed of approximately 65 mph.  As I approached and passed the intersection of Marley Mill Road, I glanced to my left to check for traffic in that lane and observed a tractor trailer rig passing me.  When I looked back to the front, I saw that I was quickly overtaking the vehicle being operated by Ms. Trawick.  I immediately applied my brakes, but could not avoid rear-ending her.

A copy of Defendant's answers to Plaintiff's Interrogatories are attached hereto as

Exhibit "C".

8.    On January 30, 2008, the Court entered the **UNIFORM SCHEDULING**

**ORDER** in this case.

SECTION 4 of the Uniform Scheduling Order specifically provides that

**"Motions to amend the pleadings and to add parties shall be filed by the Plaintiff on or**

**before April 1, 2008 and by the Defendant on or before April 1, 2008."**

SECTION 8 of the Uniform Scheduling Order provides:

**"The parties shall disclose to each other the identity of any person who may be used at trial**

**to present evidence under Rules 701,702, 703 or 705 of the Federal Rules of Evidence, and**

**provide the reports of retained experts or witnesses whose duties as an employee of the**

**party regularly involved giving expert testimony, required by Rule 26(a)(2) of the Federal**

**Rules of Civil Procedure, as follows: From the Plaintiff on or before April 1, 2008. From the Defendant on or before May 19, 2008. The parties shall comply fully with all requirements of Rule 26(a)(2) in regard to disclosure of expert testimony."**

9.    In reliance upon the Defendant's Answer filed with the Court on January 23, 2008 and Defendant's answers to Plaintiff's Interrogatories in which the Defendant stated under oath in response to Plaintiff's question as to whether the Plaintiff was guilty of any fault, wrongdoing or negligence that contributed to causing the accident at issue or the injuries sustained by the Plaintiff, "Not applicable. Defendant has not plead Contributory Negligence;" the Plaintiff did not retain or disclose a liability expert on or before April 1, 2008 as required by the Court's Uniform Scheduling Order.

10.    On or about May 21, 2008 Defendant filed his Motion for Leave to Amend Answer asserting contributory negligence as an affirmative defense. A copy of Defendant's Motion for Leave to Amend Answer is attached hereto as Exhibit "D".

11.    Defendant's Motion to Amend pleadings is in direct violation of SECTION 4 of the Court's Uniform Scheduling Order in that the same was not timely filed and in fact was filed 50 days after the deadline established by the Court for Defendant to amend his pleadings.

12.    The Court's Uniform Scheduling Order specifically provides that **"all parties are expected to comply with each and every provision of this Order in a timely manner, and extensions will be granted only in extraordinary and unforeseeable circumstances..."** such is not the case at bar. To the contrary, allowing the Defendant to amend his pleadings at this late date will substantially prejudice the Plaintiff inasmuch as the deadline for Plaintiff to disclose a liability expert has long since passed.

3

WHEREFORE, for the foregoing reasons, Plaintiff opposes Defendant's Motion for

Leave to Amend Answer asserting the affirmative defense of Contributory Negligence on the

grounds that the same was not timely filed.

/s/Rufus R. Smith, Jr.
Rufus R. Smith, Jr. (SMI 060)
Attorney for Plaintiff
Post Office Drawer 6629
Dothan, Alabama 36302
(334) 671-7959
FAX (334) 671-7957
rufusrsmith@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all counsel of record by placing a copy of the same in the U.S. mail, postage prepaid, and addressed as follows on this 23rd day of May, 2008.

Joel W. Ramsey, Esq.
RAMSEY, BAXLEY, & McDOUGLE
Post Office Drawer 1486
Dothan, Alabama  36302

/s/Rufus R. Smith, Jr.
Rufus R. Smith, Jr.
Of Counsel

4

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA

JACKIE TRAWICK,     )
           )
  Plaintiff,     )
           )
v.          )  CIVIL ACTION NO. 1:07-CV-1101 MHT
           )
RONNIE EUGENE RUSS,   )
           )
  Defendant.    )

## ANSWER OF DEFENDANT

Comes now the Defendant, Ronnie Eugene Russ, and for answer to the Plaintiff's Complaint, says as follows:

1. He acknowledges that he was involved in a motor vehicle accident with the Plaintiff at the time and place referred to in paragraph 1.

2. He acknowledges the jurisdictional allegations of paragraphs 2, 3 and 4.

3. He admits that he was involved in a motor vehicle accident with the Plaintiff at the time and place referred to in paragraph 5 of Count One.

4. He is without sufficient information to admit or deny the allegations of paragraphs 6 and 7 relating to the Plaintiff's alleged injuries and damages, and demands strict proof thereof.

5. Not Guilty and the General Issue.

RAMSEY, BAXLEY & MCDOUGLE

By _____
Joel W. Ramsey RAM 005
Attorney for Defendant
P. O. Drawer 1486
Dothan, Alabama 36302
(334) 793-6550
jwr@rbmlaw.org



PLAINTIFF'S
EXHIBIT
A

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon Rufus R. Smith, Jr., Esq., P. O. Drawer 6629, Dothan, Alabama, 36302, by depositing the same in the United States Mail, postage prepaid and properly addressed.

This, the 22nd day of January, 2008.

_____
Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

JACKIE TRAWICK,                          )
                                         )
      Plaintiff,                          )
                                         )
Vs.                                      )  Civil Action Number: 1:07-CV-1101-MHT
                                         )
RONNIE EUGENE RUSS,                      )
                                         )
      Defendant.                          )

### PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, RONNIE EUGENE RUSS

COMES NOW, the Plaintiff in the above styled cause and requests that the Defendant, Ronnie Eugene Russ, answer the following interrogatories and request for production of documents within thirty (30) days from the date of service of the same upon said Defendant in compliance with the *Federal Rules of Civil Procedure*. In addition, the Plaintiff requests that the Defendant attach a copy of each and every document referred to in any of the interrogatories or the Defendant's responses thereto, or that the Defendant state the date and time that said documents will be produced for inspection and copying at the offices of the Plaintiff's attorneys.

NOTE A:    These interrogatories shall be deemed continuing so as to require supplemental answers upon receipt of additional information by this Defendant or this Defendant's attorney subsequent to your original response. Any such supplemental answers are to be filed and served upon counsel for the Plaintiff within thirty (30) days from receipt of such additional information, but not later than the first of the trial of this cause.



PLAINTIFF'S
EXHIBIT
B

1.    Is this Defendant's name correctly stated in the Complaint on file in this cause? If not, state the correct way that this Defendant should be designated as a party Defendant in an action at law.

2.    At the time of the occurrence of the accident made the basis of this lawsuit, were there any policies or contracts of insurance which might legally be construed as extending or providing some coverage (whether primary or secondary or excess) to this Defendant for any portion of the damages claimed? If so, as to each such policy or contract, please state the following:

(a)    the name and address of each insurance company that wrote, issued or stands responsible for any such policy;

(b)    the policy number or numbers;

(c)    the limits of coverage in each category of coverage provided by all such policies;

(e)    attach a copy of each policy to your answers to these interrogatories.

3.    State whether this Defendant or anyone to this Defendant's knowledge made or submitted any written statement(s) or report(s) of the occurrence made the basis of this lawsuit. If so, state separately and severally for each statement or report:

(a)    the name, employer, job title and present address of the person who made or submitted the statement or report;

(b)    the name, employer, job title and present address of the person to whom the statement or report was submitted;

(c)    the substance and content of the statement or report; and,

2

(d)    the name and address of each person who has possession, custody and/or control of the statement or report.

4.    State the name, address and relationship to this Defendant of any and all persons who may have knowledge of any discoverable matter which is or may be relevant to the subject matter involved in this action, whether in relation to any claim or any defense involved in this action, whether on the issue of liability or damages.

5.    If this Defendant contends that the Plaintiff was guilty of any fault, wrongdoing, or negligence that contributed to causing said accident or the injuries he thereby sustained, please state:

(a)    summarize the substance of these contentions;

(b)    state the facts and evidence upon which these contentions are based; and,

(c)    state the names and addresses of any and all persons who have knowledge or any information relative to this contention.

6.    Describe in detail this Defendant's understanding of how the accident made the basis of this lawsuit occurred.

7.    What are the names and addresses of any and all witnesses to the accident who are known to this Defendant?

8.    If this Defendant expects to call an expert witness at trial, then as to each such expert, please state:

(a)    the name and address of each such expert;

(b)    the name and address of each such expert's employer;

(c)    the relationship to this Defendant of each such expert;

3

copy of said photograph(s) with your answers to these interrogatories.

11.    In what condition were the brakes and all lights on the vehicle that this Defendant was driving at the time of the accident?

12.    State the speed at which the vehicle driven by this Defendant was traveling at the time of the accident made the basis of this lawsuit.

13.    State the weather conditions at the time of the accident made the basis of this lawsuit.

14.    State whether this Defendant had consumed any alcoholic beverage and/or any medication/drug, at any time on the date of or the day before the accident made the basis of this lawsuit. If this Defendant's answer to this interrogatory is in the affirmative, please state:

    (a)    the type of alcoholic beverage and/or medication/drug consumed by this Defendant;

    (b)    the latest time at which, and period of time over which said alcoholic beverage and/or medication/drug was consumed; and,

    (c)    the total amount of said alcoholic beverage and/or medication/drug that this Defendant consumed on said date.

15.    List each and every traffic citation or offense for which this Defendant was convicted or plead guilty in the five (5) years preceding the accident made the basis of this lawsuit.

16.    State the destination of this Defendant at the time of the accident made the basis of this lawsuit.

17.    State the last departure point of this Defendant before the accident made the basis

5

of this lawsuit.

18.    State the reason or purpose for which this Defendant was traveling at the time of the accident made the basis of this lawsuit.

19.    Did this Defendant's travel on the date of the accident made the basis of this lawsuit have any relation to his employment? If so, please state:

(a)    this Defendant's objective;

(b)    whether this Defendant was acting in the line and scope of his employment and/or traveling at the instruction or behest of his employer; and,

(c)    the number of hours of sleep that this Defendant had in the twenty-four hour period preceding the accident made the basis of this lawsuit.

20.    Does this Defendant admit that he was solely at fault in causing the accident made the basis of this lawsuit?

21.    State the name and address of the Defendant's primary treating physician/physicians for the 5 years preceding the accident at issue.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.    A copy of this Defendant's driver's license.

2.    A copy of any written statement taken from this Defendant relative to the facts and circumstances surrounding the accident of April 21, 1999, in which Plaintiff was injured.

3.    A copy of the Bill of Sale, Title and Registration of the automobile which this Defendant was driving and which was involved in the accident made the basis of this lawsuit.

4.    Pursuant to *Federal Rules of Civil Procedure* and Ex parte *Badham, 793 So.2d*

6

*135 (Ala. 1999)*, please produce a copy of the declaration page or pages of any insurance policy insuring this Defendant for the allegations claimed in the Plaintiff's Complaint under which an insurance company may be liable to satisfy pat or all of a judgment entered in this action.

5.    A copy of any written statement(s) or report(s) of the occurrence made the basis of this lawsuit in the possession of this Defendant and/or this Defendant's attorneys.

6.    Copies of any and all statements obtained from any witnesses to the accident made the basis of this lawsuit.


Rufus R. Smith, Jr. (SMI 060)
Attorney for Plaintiff
Post Office Drawer 6629
Dothan, Alabama 36302
(334) 671-7959 FAX (334) 671-7957


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all counsel of record by placing a copy of the same in the U.S. mail, postage prepaid, and addressed as follows on this _____ day of January, 2008.

Joel W. Ramsey, Esq.
RAMSEY, BAXLEY, & McDOUGLE
Post Office Drawer 1486
Dothan, Alabama  36302


Rufus R. Smith, Jr.
Of Counsel

7

**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**

JACKIE TRAWICK, )
)
     Plaintiff, )
)
v. )    CIVIL ACTION NO. 1:07-CV-1101 MHT
)
RONNIE EUGENE RUSS, )
)
     Defendant. )

### DEFENDANT'S ANSWERS TO PLAINTIFF'S INTERROGATORIES

Comes now the Defendant, Ronnie Eugene Russ, and for Answer to the Plaintiff's Interrogatories, says as follows:

1. Is this Defendant's name correctly stated in the Complaint on file in this cause? If not, state the correct way that this Defendant should be designated as a party Defendant in an action at law.

ANSWER:   (1)   Yes.

2. At the time of the occurrence of the accident made the basis of this lawsuit, were there any policies or contracts of insurance which might legally be construed as extending or providing some coverage (whether primary or secondary or excess) to this Defendant for any portion of the damages claimed? If so, as to each such policy or contract, please state the following:

(a)    the name and address of each insurance company that wrote, issued or stands responsible for any such policy;

(b)    the policy number or numbers;



PLAINTIFF'S
EXHIBIT
C

(c)     the limits of coverage in each category of coverage provided by all such policies;

(e) [sic' d]  attach a copy of each policy to your answers to these interrogatories.

ANSWER:    (2)    Yes

(3)    State Farm Mutual Automobile Insurance Company

(4)    State Farm Plaza, Bloomington, Illinois

(5)    Mr. Russ's policy number is L580-540-59F

(6)    The Defendant's coverage for liability, which was in effect on March 23, 2007, was $100,000.00 per person for bodily injury up to $300,000.00 per accident, plus $100,000.00 for property damage.

(7)    A Certificate of Coverage is attached.

3.    State whether this Defendant or anyone to this Defendant's knowledge made or submitted any written statement(s) or report(s) of the occurrence made the basis of this lawsuit.  If so, state separately and severally for each statement or report:

(a)    the name, employer, job title and present address of the person who made or submitted the statement or report;

(b)    the name, employer, job title and present address of the person to whom the statement or report was submitted;

(c)    the substance and content of the statement or report; and,

(d)    the name and address of each person who has possession, custody and/or control of the statement or report.

ANSWER:    (8)    Yes.

(9)    (a) Officer Christopher Paul Juneau made a report of the accident.

(10)    (a) Officer Juneau is with the Ozark Police Department.

(11)    (b) The report was made in the course of Officer Juneau's

employment with the Ozark Police Department.

(12)    (c) A copy of the report is attached.

(13)    (d) Defendant's attorney has a copy of that report.

(9)    (a) Defendant reported that he had been injured in this accident to

his employer.

(10)    (b) Defendant's employer is Winn Dixie (the supervisor he reported

this accident to is Tim Mitchell)

(11)    (c) Defendant reported that he had been involved in an automobile

accident and sustained injuries that required medical treatment.

(12)    (d) The report was oral.

(9)    (a) The Defendant also reported the accident to his insurer.

(10)    (b) The Defendant reported the accident to his agent, Linda Pforte.

(11)    (c) The Defendant reported that he had been involved in an

automobile accident in Ozark, Alabama, and that both he and the other driver were

injured.

(12)    (d) The report was oral (telephone call)

4.    State the name, address and relationship to this Defendant of any and all

persons who may have knowledge of any discoverable matter which is or may be

relevant to the subject matter involved in this action, whether in relation to any claim or

any defense involved in this action, whether on the issue of liability or damages.

ANSWER:    (14)    The Defendant objects on the grounds that this interrogatory

is too broad to be answered as phrased. Without waiving that objection and limiting his

response to the automobile accident of March 23, 2007, the Defendant is sure that the

accident was witnessed by other drivers and/or individuals at the scene. However, he

does not know the names of any of those individuals other than the Plaintiff and

himself. The accident was investigated by Officer Christopher Paul Juneau with the

Ozark Police Department.

5.    If this Defendant contends that the Plaintiff was guilty of any fault,

wrongdoing, or negligence that contributed to causing said accident or the injuries he

thereby sustained, please state:

(a)    summarize the substance of these contentions;

(b)    state the facts and evidence upon which these contentions are

based; and,

(c)    state the names and addresses of any and all persons who have

knowledge or any information relative to this contention.

ANSWER:    (15)    Not applicable. Defendant has not pled Contributory

Negligence.

6.    Describe in detail this Defendant's understanding of how the accident

made the basis of this lawsuit occurred.

ANSWER:    (16)    I was headed south in the right lane of Highway 231 at a

speed of approximately 65 mph. As I approached and passed the intersection of

Marley Mill Road, I glanced to my left to check for traffic in that lane and observed a

tractor trailer rig passing me. When I looked back to the front, I saw that I was quickly

overtaking the vehicle operated by Ms. Trawick. I immediately applied my brakes, but could not avoid rear-ending her.

7.    What are the names and addresses of any and all witnesses to the accident who are known to this Defendant?

ANSWER:    (17)    The Defendant is unaware of the names or addresses of any witnesses to the accident other than the parties.

8.    If this Defendant expects to call an expert witness at trial, then as to each such expert, please state:

(a)    the name and address of each such expert;

(b)    the name and address of each such expert's employer;

(c)    the relationship to this Defendant of each such expert;

(d)    the qualifications and experience of each such expert with regard to the subject matter on which said expert is expected to testify;

(e)    the subject matter on which each such expert is expected to testify;

(f)    the substance of the facts and opinions to which each such expert is expected to testify including a summary of the grounds or basis for each opinion;

(g)    the basis on which each expert is to be or has been compensated for any and all work he or she has performed or will perform in preparation for his/her testimony in the present case; and,

(h)    the name, court and style of the case in regard to which each such expert has ever given testimony; whether written or oral or whether by deposition or at trial.

ANSWER:     (18)    The Defendant has not retained an expert witness to testify at this time. When and if any such expert is retained, this answer will be amended.

9.    Has this defendant, this defendant's attorneys, or any of this Defendant's other representatives obtained any statements from any witnesses? If so, please state if this Defendant or those attorneys or representatives have possession of the following:

(a)    notes or records of interviews;

(b)    reports of conversations;

(c)    recordings or transcriptions of conversations; and/or,

(d)    other memoranda.

ANSWER:     (19)    No.

10.    Did this Defendant, this Defendant's agents, attorneys or other representatives have any photographs made of the vehicles involved in the accident made the basis of this lawsuit? If so, please state:

(a)    the name and address of the photographer;

(b)    if the answer to the foregoing interrogatory is in the affirmative,

furnish a copy of said photograph(s) with your answers to these interrogatories.

ANSWER:     (20)    Yes.

(21)    (a)    The photographs were probably made by Greg Anderson or some other employee of Rahall Chevrolet.

(22)    4204 West Lafayette Street, Marianna, Florida

(23)    (b)    Copies of the photographs are attached.

11.    In what condition were the brakes and all lights on the vehicle that this Defendant was driving at the time of the accident?

ANSWER:    (24)    In good working order.

12.    State the speed at which the vehicle driven by this Defendant was traveling at the time of the accident made the basis of this lawsuit.

ANSWER:    (25)    I was traveling at approximately 65 mph when I saw Ms. Trawick's vehicle in front of me. I am unable to say if I was able to slow down before I rear-ended her.

13.    State the weather conditions at the time of the accident made the basis of this lawsuit.

ANSWER:    (26)    It was daylight and the weather was clear.

14.    State whether this Defendant had consumed any alcoholic beverage and/or any medication/drug, at any time on the date of or the day before the accident made the basis of this lawsuit. If this Defendant's answer to this interrogatory is in the affirmative, please state:

(a)    the type of alcoholic beverage and/or medication/drug consumed by this Defendant;

(b)    the latest time at which, and period of time over which said alcoholic beverage and/or medication/drug was consumed; and,

(c)    the total amount of said alcoholic beverage and/or medication/drug that this Defendant consumed on said date.

ANSWER:    (27)    (a)    I had not consumed any alcoholic beverage on the day of the accident. I do not recall whether I had consumed any alcoholic beverage on the previous day.

(28)  Coreg
(29)  6.25 mg
(30)  Once a day in the morning.

(28)  Gulcotrol
(29)  10 mg
(30)  Once a day in the morning.

(28)  Hizar
(29)  100/25 mg
(30)  Once a day in the morning.

15.    List each and every traffic citation or offense for which this Defendant was
convicted or pled guilty in the five (5) years preceding the accident made the basis of
this lawsuit.

ANSWER:    (31)    None.

16.    State the destination of this Defendant at the time of the accident made
the basis of this lawsuit.

ANSWER:    (32)    I was en route to my home at 1998 Old Bonifay Road in
Chipley, Florida.

17.    State the last departure point of this Defendant before the accident made
the basis of this lawsuit.

ANSWER:    (33)    I left from the Holiday Inn Express where I was staying in
Birmingham, Alabama.

18.    State the reason or purpose for which this Defendant was traveling at the
time of the accident made the basis of this lawsuit.

ANSWER:    (34)    I was going home.

19.    Did this Defendant's travel on the date of the accident made the basis of
this lawsuit have any relation to his employment?  If so, please state:

    (a)    this Defendant's objective;

    (b)    whether this Defendant was acting in the line and scope of his employment and/or traveling at the instruction or behest of his employer; and

    (c)    the number of hours of sleep that this Defendant had in the twenty-four hour period preceding the accident made the basis of this lawsuit.

ANSWER:    (35)    No. My travel on the day of the accident was not in relation to my employment.

20.    Does this Defendant admit that he was solely at fault in causing the accident made the basis of this lawsuit?

ANSWER:    (36)    I acknowledge that I rear-ended the Plaintiff. I do not know why I did not see her until immediately before the accident. I can only assume that she pulled onto 231 from Marley Mill Road.

21.    State the name and address of the Defendant's primary treating physician/physicians for the 5 years preceding the accident at issue.

ANSWER:    (37)    Dr. Wade Melvin

(38)    304 Brick Yard Road, Chipley, Florida, 32428.

Ronnie Eugene Russ

STATE OF FLORIDA

WASHINGTON COUNTY

I, the undersigned authority, hereby certify that Ronnie Eugene Russ, whose name

is signed to foregoing Answers to Interrogatories and who is known to me, acknowledged

before me on this day that, being informed of the contents of these Answers, he executed

the same voluntarily on the day the same bears date.

This the 31st day of March, 2008.



TAMMY M. JACKSON
MY COMMISSION # DD 603721
EXPIRES: October 10, 2010
Bonded Thru Notary Public Underwriters

TAMMY M. Jackson

Notary Public

My Commission Expires: 10|10|2010

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon Rufus R. Smith, Jr.,
Esq., P. O. Drawer 6629, Dothan, Alabama, 36302, by depositing the same in the United
States Mail, postage prepaid and properly addressed.

This, the 1st day of April, 2008.

RAMSEY, BAXLEY & MCDOUGLE

By _____

Joel W. Ramsey RAM 005
Attorney for Defendant
P. O. Drawer 1486
Dothan, Alabama 36302
(334) 793-6550
jwr@rbmlaw.org

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

JACKIE TRAWICK,                    )
                                   )
            Plaintiff,             )
                                   )
v.                                 )    CIVIL ACTION NO. 1:07-CV-1101 MHT
                                   )
RONNIE EUGENE RUSS,                )
                                   )
            Defendant.             )

### DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER

Comes now the Defendant in the above-styled cause and moves this Honorable Court for leave to amend its Answer to assert the affirmative defense of Contributory Negligence, and for grounds shows unto the Court as follows:

1.    The Defendant has acknowledged rear-ending the Plaintiff at the time and place referred to in the Plaintiff's Complaint, i.e., March 23, 2007, on U.S. 231 in Ozark, Alabama.

2.    The Defendant has acknowledged that he did not see the Plaintiff's vehicle until just before he rear-ended her.

3.    At the Plaintiff's deposition on May 2, 2008, she acknowledged that she had entered U.S. Highway 231 from Marley Mill Road after stopping to look for southbound traffic and not seeing any.

4.    The Plaintiff has also acknowledged that the collision occurred 100 feet south of Marley Mill Road, as stated in the police report of the accident.



PLAINTIFF'S
EXHIBIT
D

5.     The Defendant has obtained an expert opinion that the Plaintiff should have seen the Defendant prior to entering U. S. 231, and realized that proceeding onto that highway was likely to cause the collision that did result.

WHEREFORE, Defendant asserts that the Plaintiff was guilty of contributory negligence in failing to see the Defendant's northbound pick-up truck and yield the right-of-way to him. This negligence was the proximate cause of the resulting collision and is, therefore, a complete defense to the Plaintiff's negligence claim.

By _____

Joel W. Ramsey RAM 005
Attorney for Defendant
P. O. Drawer 1486
Dothan, Alabama  36302
(334) 793-6550
jwr@rbmlaw.org

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon Rufus R. Smith, Jr., Esq., P. O. Drawer 6629, Dothan, Alabama, 36302, by depositing the same in the United States Mail, postage prepaid and properly addressed.

This, the 21st day of May, 2008.

_____
Of Counsel

(d)     the qualifications and experience of each such expert with regard to the subject matter on which said expert is expected to testify;

(e)     the subject matter on which each such expert is expected to testify;

(f)     the substance of the facts and opinions to which each such expert is expected to testify including a summary of the grounds or basis for each opinion;

(g)     the basis on which each expert is to be or has been compensated for any and all work he or she has performed or will perform in preparation for his/her testimony in the present case; and,

(h)     the name, court and style of the case in regard to which each such expert has ever given testimony; whether written or oral or whether by deposition or at trial.

9.     Has this Defendant, this Defendant's attorneys, or any of this Defendant's other representatives obtained any statements from any witness? If so, please state if this Defendant or those attorneys or representatives have possession of the following:

(a)     notes or records of interviews;

(b)     reports of conversations;

(c)     recordings or transcriptions of conversations; and/or,

(d)     other memoranda.

10.     Did this Defendant, this Defendant's agents, attorneys or other representatives have any photographs made of the vehicles involved in the accident made the basis of this lawsuit? If so, please state:

(a)     the name and address of the photographer;

(b)     if the answer to the foregoing interrogatory is in the affirmative, furnish a

4