IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JACKIE TRAWICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) Civil Action Number: 1:07-CV-1101-MHT |
| | ) |
| RONNIE EUGENE RUSS, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AMENDED RULE 26
DISCLOSURE FOR FAILURE TO COMPLY WITH THE UNIFORM SCHEDULING
ORDER AND RULE 26(a)(2)**

**COMES NOW**, the Plaintiff in the above styled cause and moves the Court to strike the Defendant's Amended Rule 26 Disclosure dated May 21, 2008 and served on the Plaintiff on May 22, 2008 and as grounds for said motion, Plaintiff says as follows:

1. Defendant's Initial Disclosures served on the Plaintiff on or about February 8, 2008, disclosed the identity of no expert. A copy of Defendant's Initial Disclosures are attached hereto as Exhibit "A".

2. On January 30, 2008 the Court entered its Uniform Scheduling Order in this case. SECTION 8 of said Order provides as follows:

**"The parties shall disclose to each other the identity of any person who may be used at trial to present evidence under Rules 701,702, 703 or 705 of the Federal Rules of Evidence, and provide the reports of retained experts or witnesses whose duties as an employee of the party regularly involved giving expert testimony, required by Rule 26(a)(2) of the Federal Rules of Civil Procedure, as follows: From the Plaintiff on or before April 1, 2008. From the Defendant on or before May 19, 2008. The parties shall comply fully with all requirements of Rule 26(a)(2) in regard to disclosure of expert testimony."**

3. On May 22, 2008, Plaintiff's counsel was served with Defendant's Amended Rule

26 Disclosure dated May 21, 2008. A copy of Defendant's Amended Rule 26 Disclosure is attached hereto as Exhibit "B".

4. Defendant's Amended Rule 26 Disclosure provides that Defendant intends to use Larry Dewberry, a professional engineer, as an accident reconstruction expert at the trial of this case.

5. Defendant's Amended Rule 26 Disclosure fails to comply with the requirements of the Court's Uniform Scheduling Order in two distinct categories. First, Defendant's Amended Rule 26 Disclosures was not timely filed. The deadline for the Defendant to disclose retained experts under SECTION 8 of the Court's Uniform Scheduling Order was May 19, 2008.

Second, SECTION 8 of the Court's Uniform Scheduling Order specifically provides;

**The parties shall comply fully with all requirements of Rule 26(a)(2) in regard to disclosure of expert testimony.**

Rule 26(a)(2) specifically provides:

(2) Disclosure of Expert Testimony.
　(A) In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identify of any person who may be used at trial to present evidence under Rules 702, 703 and 705 of the Federal Rules of Evidence.
　(B) Except as otherwise stipulated or directed by the court, <u>this disclosure shall</u>, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, <u>be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the stud and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.</u>
　(C) These disclosures shall be made at the times and in the sequence directed by the court…[Emphasis added].

The Defendant's Amended Rule 26 Disclosure of Larry Dewberry as his accident

reconstruction expert fails to comply with the provisions of SECTION 8 of the Court's Uniform Scheduling Order and fails to comply with the requirements of Rule 26(a)(2) in that; (1) the Defendant's Disclosure is not accompanied by a written report prepared and signed by Mr. Dewberry; (2) since there is no report from the expert, there is no complete statement of all opinions to be expressed by Mr. Dewberry and the basis and reasons for the opinions; (3) the qualifications of the proposed expert are incomplete and not in compliance with Rule 26(a)(2) in that there is no list of publications authored by the witness within the preceding ten years; (4) the Defendant's Disclosure does not include the compensation to be paid to the expert for his testimony; and (5) the Defendant's Disclosure does not include a list of other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

WHEREFORE, Plaintiff moves the Court to strike the Defendant's Amended Rule 26 Disclosure on the grounds that the same does not comply with the Court's Uniform Scheduling Order and does not comply with the requirements of Rule 26(a)(2).

/s/Rufus R. Smith, Jr.
Rufus R. Smith, Jr. (SMI 060)
Attorney for Plaintiff
Post Office Drawer 6629
Dothan, Alabama 36302
(334) 671-7959
FAX (334) 671-7957
rufusrsmith@yahoo.com

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| JACKIE TRAWICK, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 1:07-CV-1101 MHT |
| RONNIE EUGENE RUSS, | ) |
| Defendant. | ) |

### DEFENDANT'S INITIAL DISCLOSURE STATEMENT

Comes now the Defendant, Ronnie Eugene Russ, and submits his Initial Disclosure as per Rule 26(a)(1), FRCP, as follows:

A. He is not aware of the identity of any witnesses to the accident of March 23, 2007, giving rise to this litigation, other than the parties. The accident was investigated by Officer Paul Juneau of the Ozark Police Department.

B. Defendant is not aware of any documents related to this litigation other than the police report and photographs of the party's vehicles taken after the accident. Copies of the police report and photographs are attached.

C. The only information in the Defendant's possession relating to the Plaintiff's damages are those furnished by the Plaintiff's attorney.

D. The Defendant does have liability coverage with State Farm Mutual Automobile Insurance Co. for this claim. The amount of his liability coverage for bodily injury is $100,000.00 per person. A Certificate of Coverage confirming the amount of



PLAINTIFF'S EXHIBIT A

the Defendant's liability coverage has been requested and will be forwarded as soon as it is received.

RAMSEY, BAXLEY & MCDOUGLE

By /s/ Joel W. Ramsey
Joel W. Ramsey  RAM 005
Attorney for Defendant
P. O. Drawer 1486
Dothan, Alabama 36302
(334) 793-6550
jwr@rbmlaw.org

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon Rufus R. Smith, Jr., Esq., P. O. Drawer 6629, Dothan, Alabama, 36302, by depositing the same in the United States Mail, postage prepaid and properly addressed.

This, the 7th day of February, 2008.

/s/ Joel W. Ramsey
Joel W. Ramsey

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| JACKIE TRAWICK,<br><br>    Plaintiff,<br><br>v.<br><br>RONNIE EUGENE RUSS,<br><br>    Defendant. | CIVIL ACTION NO. 1:07-CV-1101 MHT |

**DEFENDANT'S AMENDED RULE 26 DISCLOSURE**

    Comes now the Defendant, Ronnie Eugene Russ, and, as per the parties' discovery plan, amend its Initial Disclosure as per Rule 26(a)(1), as follows:

    A.    The Defendant intends to use Mr. Larry Dewberry, a professional engineer, as an expert witness in this case. Mr. Dewberry is employed with Franklin Engineering, whose mailing address is p. O. Box 15894, Panama City, Florida, 32406. Mr. Dewberry's resume is attached.

    B.    Mr. Dewberry is expected to testify as to how the collision the parties were involved in on March 23, 2007, occurred. It is his opinion that when Ms. Trawick approached Highway 231 on Marley Mill Road, Mr. Russ' vehicle was in sight and, had she looked to her left for southbound traffic on Highway 231, she should have seen that his vehicle was close enough to represent a danger and she should would have known that a collision would likely result if she proceeded onto Highway 231.

    C.    The substance of the facts that Mr. Dewberry bases his opinion upon are photographs of the vehicles demonstrating the damage done in the collision, the police



PLAINTIFF'S EXHIBIT B

report of the accident, which identifies the point of impact as 100 feet south of Marley Mill Road, the Defendant's Answers to Interrogatories and depositions of Ronnie Russ and Jackie Trawick, in which each relates what they did as they approached the point of collision.

D.   A written report has been requested and will be furnished detailing Mr. Dewberry's opinions and providing the other information required by Rule 26(a)(2), F.R.C.P.

                              RAMSEY, BAXLEY & McDOUGLE

                              By _____
                              Joel W. Ramsey RAM 005
                              Attorney for Defendant
                              P. O. Drawer 1486
                              Dothan, Alabama  36302
                              (334) 793-6550
                              jwr@rbmlaw.org

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon Rufus R. Smith, Jr., Esq., P. O. Drawer 6629, Dothan, Alabama, 36302, by depositing the same in the United States Mail, postage prepaid and properly addressed.

This, the 21st day of May, 2008.

                              _____
                              Joel W. Ramsey

# FRANKLIN ENGINEERING

Franklin Technical Services, Inc.

800-433-8539
(850) 763-2905
Fax (850) 872-8080
P.O. BOX 15894
PANAMA CITY, FL 32406

Larry F. Dewberry, P.E.

Florida P.E.      #28503
Georgia P.E.      #14512
Alabama P.E.      #14606
Mississippi P.E.  #12149

Education:

MSEE - 1973: Georgia Institute of Technology
BEE  - 1971: Georgia Institute of Technology

Member:

Institute of Electrical and Electronic Engineers
Society of Automotive Engineers
National Fire Protection Association

Experience:

January, 1984 to Present: Senior Engineer, Franklin Engineering. Providing consulting services in the areas of failure analysis and reconstruction. Services are provided by myself and other consultants. My specialties are accident reconstruction, accident computer simulation, fire cause determination, and lightning damage analysis.

May, 1977 to January, 1984: Manager, Swimmer Delivery Vehicle (SDV) electronic and electrical subsystems, Naval Coastal Systems Center (NCSC), Panama City, Florida. Responsible for the design, production, and documentation of all electrical and electronic subsystems used in the SDV program. Other responsibilities included acting as the Federal government technical representative during contract performance and serving as a consultant to other Naval activities.

July, 1974 to May, 1977: Electronic engineer, NCSC, for MK11 underwater breathing apparatus. Responsibilities included design, development, and configuration control of communication and life support monitoring equipment. Developmental work resulted in my being issued Patent Nos. 4013992 and 4164981.

July, 1973 to June, 1974: Electronic engineer, NCSC. Developed computer simulation and conceptual design of underwater vehicle control systems. Co-authored the

Larry F. Dewberry, P.E.    Page 2

published report, "The Analysis of Longitudinal Control Systems for Underwater Vehicles", which detailed the results of this project.

June, 1972 to June, 1973: Graduate student at Georgia Institute of Technology; graduate research assistant for Dr. M. Milner. Developed monitoring system for measurement of human nerve impulses during normal walking. Graduated Master of Science Electrical Engineering.

March, 1971 to May, 1972: Field engineer, Schlumberger Offshore Services. Performed electronic measurements on exploration offshore drilling platforms to evaluate presence of oil or gas. Supervised two or three technicians and interpreted the results of the tests.

June, 1969 to March 1971: Undergraduate at Georgia Institute of Technology. Graduated, Bachelor of Electrical Engineering.

March, 1969 to June, 1969: Substation test helper, Georgia Power Company. Assisted test engineers in inspection of the instrumentation, transformers, and circuit breakers in power distribution substations.

April, 1967 to March, 1969: Specialist 5th Class, Calibration Technician, U.S. Army. Calibrated and repaired electronic and physical measuring devices. Tour of duty included six months training in the United States followed by 17 months overseas in Thailand, Vietnam, Taiwan, and Okinawa.

September, 1964 to January 1967: Undergraduate, Georgia Institute of Technology. Drafted into U.S. Army during sophomore year.

Personal Data:

Date/Place of Birth: January 18, 1946; Bremen, Georgia

Height: 5'6"

Weight: 145 lbs.

Caucasian

Marital Status: Married to Sarah B. Dewberry

Children:
Timothy F. Dewberry, born December 6, 1983
Julie A. Dewberry, born November 14, 1985