**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **JACKIE TRAWICK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **Vs.** | ) **Civil Action Number: 1:07-CV-1101-MHT** |
| | ) |
| **RONNIE EUGENE RUSS,** | ) |
| | ) |
| **Defendant.** | ) |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO STRIKE
DEFENDANT'S AMENDED RULE 26 DISCLOSURE FOR FAILURE
TO COMPLY WITH THE UNIFORM SCHEDULING ORDER AND RULE 26**

Defendant's Initial Disclosures served on the Plaintiff on or about February 8, 2008, disclosed the identity of no expert. A copy of Defendant's Initial Disclosures are attached hereto as Exhibit "A".

On January 30, 2008 the Court entered its Uniform Scheduling Order in this case.

SECTION 8 of said Order provides as follows:

**"The parties shall disclose to each other the identity of any person who may be used at trial to present evidence under Rules 701,702, 703 or 705 of the Federal Rules of Evidence, and provide the reports of retained experts or witnesses whose duties as an employee of the party regularly involved giving expert testimony, required by Rule 26(a)(2) of the Federal Rules of Civil Procedure, as follows: From the Plaintiff on or before April 1, 2008. From the Defendant on or before May 19, 2008. The parties shall comply fully with all requirements of Rule 26(a)(2) in regard to disclosure of expert testimony."**

On May 22, 2008, Plaintiff's counsel was served with Defendant's Amended Rule 26 Disclosure dated May 21, 2008. A copy of Defendant's Amended Rule 26 Disclosure is attached hereto as Exhibit "B".

Defendant's Amended Rule 26 Disclosure provides that Defendant intends to use Larry

Dewberry, a professional engineer, as an accident reconstruction expert at the trial of this case.

Defendant's Amended Rule 26 Disclosure fails to comply with the requirements of the Court's Uniform Scheduling Order in two distinct categories. First, Defendant's Amended Rule 26 Disclosures was not timely filed.  The deadline for the Defendant to disclose retained experts under SECTION 8 of the Court's Uniform Scheduling Order was May 19, 2008.

Second, SECTION 8 of the Court's Uniform Scheduling Order specifically provides;

**The parties shall comply fully with all requirements of Rule 26(a)(2) in regard to disclosure of expert testimony.**

Rule 26(a)(2) specifically provides:

(2) Disclosure of Expert Testimony.
   (A) In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identify of any person who may be used at trial to present evidence under Rules 702, 703 and 705 of the Federal Rules of Evidence.
   (B) Except as otherwise stipulated or directed by the court, <u>this disclosure shall</u>, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, <u>be accompanied by a written report prepared and signed by the witness.  The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the stud and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.</u>
   (C) These disclosures shall be made at the times and in the sequence directed by the court…[Emphasis added].

The Defendant's Amended Rule 26 Disclosure of Larry Dewberry as his accident reconstruction expert fails to comply with the provisions of SECTION 8 of the Court's Uniform Scheduling Order and fails to comply with the requirements of Rule 26(a)(2) in that; (1) the Defendant's Disclosure was not accompanied by a written report prepared and signed by Mr. Dewberry; (2) since there was no report from the expert, there is no complete statement of all opinions to be expressed by Mr. Dewberry and the basis and reasons for the opinions; (3) the

2

qualifications of the proposed expert are incomplete and not in compliance with Rule 26(a)(2) in that there was no list of publications authored by the witness within the preceding ten years; (4) the Defendant's Disclosure does not include the compensation to be paid to the expert for his testimony; and (5) the Defendant's Disclosure does not include a list of other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

On May 28, 2008, Plaintiff's counsel was provided with a letter from Franklin Engineering signed by Larry F. Dewberry, P.E., with attachments. Plaintiff was further provided on May 28, 2008 with a copy of an invoice from Mr. Dewberry to Defendant's counsel and a copy of what appears to be a list of trial/deposition testimony for Larry F. Dewberry for the past 4 years. Said documents are attached hereto collectively as Exhibit "C".

## **ARGUMENT**

Rule 26(a)(2)(A) requires the disclosure of the identity of any person who "may be used at trial to present evidence" under the Federal Rules of Evidence governing expert testimony. Rule 26(a)(2)(B) requires an expert report for any witness "retained or specially employed to provide expert testimony".

Defendant's accident reconstruction expert, Larry Dewberry, is a professional engineer, specially employed by the Defendant to provide expert testimony. See Defendant's amended Rule 26 Disclosure.

The time for expert disclosures can be set by the Court or stipulated by the parties. *Conwin v. Walt Disney Co., 475 F.3d 1239, 1252 (11th Cir.2007).*

Rule 26(a)(2) requires automatic disclosure of the identity of the persons who "may"

3

testify as expert witnesses and production of a report for each such witness.

Each expert report must be in writing and signed by the expert, *Gust v. Jones, 162 F.3d 587 (10th Cir.1998); In re: Omeprazole Patent Litigation, 227 F.R.D. 227 (S.D.N.Y. 2005)* and must contain: a complete statement of all the expert's opinions and the basis and reasons therefore; *King v. Ford Motor Co., 209 F.3d 886, 900 (6th Cir. 2000); Atkins v. County of Orange, 372 F.Supp.2d 377 (S.D.N.Y.2005)* and the information considered by the expert, including documents provided by counsel; *Fidelity National Title Ins. Co. of New York v. Intercounty National Title Ins. Co., 412 F.3d 745 (7th Cir.2005)* any exhibits to be used as support for or a summary of the opinions; the qualifications of the expert and all publications authored by the expert in the past ten years; the expert's compensation for his review and testimony; and a list of all other cases in which the expert has testified at trial or at deposition in the past four years. *Doblar v. Unverferth Manufacturing Co., Inc., 185 F.R.D. 258 (D.S.D.1999).*

The report itself should contain all the required information with considerable detail, *In re: Sulfuric Acid Antitrust Litigation, 432 F.Supp. 2d 794 (N.D.Ill2006)* and may not satisfy Rule 26(a)(2)(B) by incorporating interrogatory answers. *Smith v. State Farm Fire and Casualty Co., 164 F.R.D. 49 (S.D.W.Va.1995).*

The failure to disclose a report meeting the requirements of Rule 26(a)(2)(B) may preclude that witness from testifying, either all together *Pena-Crespo v. Puerto Rico, 408 F.3d 10, 13-14(1st Cir.2005); Ortiz-Lopez v. Sociedad Espanola De Auxilio Mutuo Y Beneficiencia De Puerto Rico, 248 F.3d 29 (1st Cir.2001)* or as to specific opinions not disclosed in the report. *Dairy Farmers of America, Inc. v. Travelers Ins. Co., 391 F.3d 936, 943-44 (8th Cir.2004); Brandt Distribution Co., Inc. v. Federal Ins. Co., 247 F.3d 822 (8th Cir.2001).*

Such sanctions are "automatic and mandatory" unless the party failing to disclose can show the failure was justified or harmless. *Keach v. U.S. Trust Co., 419 F.3d 626, 639-40 (7th Cir.2005); Jacobsen v. Deseret Book Co., 287 F.3d 936, 952-53 (10th Cir.2002).*

It is obvious that the Defendant's amended Rule 26 disclosure served on the Plaintiff on May 22, 2008, does not comply with the requirements of Rule 26. In paragraph D of Defendant's amended Rule 26 disclosure, Defendant readily admits that he has not complied with the requirements of Rule 26 stating "a written report has been requested and will be furnished detailing Mr. Dewberry's opinions and providing the other information required by Rule 26(a)(2) F.R.C.P."

On May 28, 2008, Plaintiff's counsel was provided with a letter from Franklin Engineering signed by Larry F. Dewberry, P.E., with attachments. Plaintiff was further provided on May 28, 2008 with a copy of an invoice from Mr. Dewberry to Defendant's counsel and a copy of what appears to be a list of trial/deposition testimony for Larry F. Dewberry for the past 4 years. Said documents are attached hereto collectively as Exhibit "C".

This supplemental disclosure was produced to the Plaintiff 9 days after the deadline established by the Court in its Uniform Scheduling Order for Defendant to disclose experts.

Therefore, the question is whether the Defendant's untimely compliance with Rule 26(a)(2)(B) and non-compliance with the Court's Rule 16(b) Uniform Scheduling Order should be excused by the Court.

Rule 16(b) requires the Court to enter a scheduling order and further requires the Court's scheduling order to include time limits for: joining parties and amending pleadings; filing motions; and completing discovery.

In the compliance with Rule 16(b), the Court entered the **UNIFORM SCHEDULING**

5

**ORDER** in this case on January 30, 2008.  Section 8 of said Order provides as follows:

**"The parties shall disclose to each other the identity of any person who may be used at trial to present evidence under Rules 701,702, 703 or 705 of the Federal Rules of Evidence, and provide the reports of retained experts or witnesses whose duties as an employee of the party regularly involved giving expert testimony, required by Rule 26(a)(2) of the Federal Rules of Civil Procedure, as follows: From the Plaintiff on or before April 1, 2008.  From the Defendant on or before May 19, 2008.  The parties shall comply fully with all requirements of Rule 26(a)(2) in regard to disclosure of expert testimony."**

Defendant's amended Rule 26 disclosure was not filed on or before May 19, 2008 and did not fully comply with all requirements of Rule 26 in regard to disclosure of expert testimony.  In fact, the Defendant's attempt at compliance with the requirements of Rule 26 in regard to disclosure of expert testimony was not provided to Plaintiff's counsel until May 28, 2008.

Rule 26(b)(4) provides that the Court may grant a motion modifying or enlarging the deadlines in the scheduling order only for "good cause shown".

The Advisory Committee Notes provide that good cause is shown when the schedule cannot reasonably be met despite the diligence of the party seeking the extension.  Advisory Committee Notes to Rule 16 (1983 Amendments).  See also; *Hussain v. Nicholson, 435 F.3d 359, 367 (D.C.Cir.2006); and Leary v. Daeschner, 349 F.3d 888, 906 (6th Cir.2003)*.

In determining "good cause" the Court should consider possible prejudice to the party opposing a motion to amend the scheduling order.  *Andretti v. Borla Performance Industries, Inc., 426 F.3d 824, 830 (6th Cir.2005)*.

Defendant's amended Rule 26 disclosure contains no facts that the Defendant was not aware of on or before the Court's scheduling order deadline of May 19, 2008.  To the contrary, Mr. Dewberry's letter dated May 23, 2008 to the Defendant's attorney and served on Plaintiff's counsel on May 28, 2008, clearing indicates that Mr. Dewberry was retained by the Defendant on May 5, 2008 and inspected the accident scene on May 7, 2008.  Said letter also provides that

6

Mr. Dewberry was on May 5, 2008 provided a copy of the accident report, photographs of the vehicles involved and depositions of the drivers of the vehicles involved in the above referenced accident for the purpose of reconstructing the events which led to the accident.  All of which are the purported basis for Mr. Dewberry's opinions.

The Defendant has not met Rule 16(b)'s "good cause" standard allowing for a modification or enlargement of the deadlines set by the Court in its scheduling order.

The Defendant has not presented this Court with a "good cause" that would allow the Defendant to completely disregard the Court's Rule 16(b) Uniform Scheduling Order deadlines.

Plaintiff's Motion to Strike Defendant's Amended Rule 26 Disclosure for Failure to Comply with the Uniform Scheduling Order and Rule 26 is due to be granted.

/s/Rufus R. Smith, Jr.
Rufus R. Smith, Jr. (SMI 060)
Attorney for Plaintiff
Post Office Drawer 6629
Dothan, Alabama 36302
(334)  671-7959
FAX (334) 671-7957
rufusrsmith@yahoo.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been served upon all counsel of record by placing a copy of the same in the U.S. mail, postage prepaid, and addressed as follows on this 30th day of May, 2008.


Joel W. Ramsey, Esq.
RAMSEY, BAXLEY, & McDOUGLE
Post Office Drawer 1486
Dothan, Alabama  36302


/s/Rufus R. Smith, Jr.
Rufus R. Smith, Jr.
Of Counsel

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

JACKIE TRAWICK,                          )
                                         )
            Plaintiff,                   )
                                         )
v.                                       )        CIVIL ACTION NO. 1:07-CV-1101 MHT
                                         )
RONNIE EUGENE RUSS,                      )
                                         )
            Defendant.                   )

## DEFENDANT'S INITIAL DISCLOSURE STATEMENT

Comes now the Defendant, Ronnie Eugene Russ, and submits his Initial

Disclosure as per Rule 26(a)(1), FRCP, as follows:

A.      He is not aware of the identity of any witnesses to the accident of March

23, 2007, giving rise to this litigation, other than the parties. The accident was

investigated by Officer Paul Juneau of the Ozark Police Department.

B.      Defendant is not aware of any documents related to this litigation other

than the police report and photographs of the party's vehicles taken after the accident.

Copies of the police report and photographs are attached.

C.      The only information in the Defendant's possession relating to the

Plaintiff's damages are those furnished by the Plaintiff's attorney.

D.      The Defendant does have liability coverage with State Farm Mutual

Automobile Insurance Co. for this claim. The amount of his liability coverage for bodily

injury is $100,000.00 per person. A Certificate of Coverage confirming the amount of



the Defendant's liability coverage has been requested and will be forwarded as soon as it is received.

RAMSEY, BAXLEY & MCDOUGLE

By _____

Joel W. Ramsey RAM 005
Attorney for Defendant
P. O. Drawer 1486
Dothan, Alabama  36302
(334) 793-6550
jwr@rbmlaw.org

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon Rufus R. Smith, Jr., Esq., P. O. Drawer 6629, Dothan, Alabama, 36302, by depositing the same in the United States Mail, postage prepaid and properly addressed.

This, the 7th day of February, 2008.

_____

Joel W. Ramsey

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

JACKIE TRAWICK,                       )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )    CIVIL ACTION NO. 1:07-CV-1101 MHT
                                      )
RONNIE EUGENE RUSS,                   )
                                      )
        Defendant.                    )

### DEFENDANT'S AMENDED RULE 26 DISCLOSURE

Comes now the Defendant, Ronnie Eugene Russ, and, as per the parties'
discovery plan, amend its Initial Disclosure as per Rule 26(a)(1), as follows:

A.    The Defendant intends to use Mr. Larry Dewberry, a professional engineer,
as an expert witness in this case. Mr. Dewberry is employed with Franklin Engineering,
whose mailing address is p. O. Box 15894, Panama City, Florida, 32406. Mr. Dewberry's
resume is attached.

B.    Mr. Dewberry is expected to testify as to how the collision the parties were
involved in on March 23, 2007, occurred. It is his opinion that when Ms. Trawick
approached Highway 231 on Marley Mill Road, Mr. Russ' vehicle was in sight and, had
she looked to her left for southbound traffic on Highway 231, she should have seen that
his vehicle was close enough to represent a danger and she should would have known
that a collision would likely result if she proceeded onto Highway 231.

C.    The substance of the facts that Mr. Dewberry bases his opinion upon are
photographs of the vehicles demonstrating the damage done in the collision, the police



report of the accident, which identifies the point of impact as 100 feet south of Marley

Mill Road, the Defendant's Answers to Interrogatories and depositions of Ronnie Russ

and Jackie Trawick, in which each relates what they did as they approached the point of

collision.

      D.     A written report has been requested and will be furnished detailing Mr.

Dewberry's opinions and providing the other information required by Rule 26(a)(2),

F.R.C.P.

RAMSEY, BAXLEY & MCDOUGLE

By  _____
Joel W. Ramsey RAM 005
Attorney for Defendant
P. O. Drawer 1486
Dothan, Alabama  36302
(334) 793-6550
jwr@rbmlaw.org

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the foregoing upon Rufus R. Smith, Jr., Esq., P. O. Drawer 6629, Dothan, Alabama, 36302, by depositing the same in the United States Mail, postage prepaid and properly addressed.

      This, the 21st day of May, 2008.

_____
Joel W. Ramsey

# FRANKLIN
# ENGINEERING

Franklin Technical Services, Inc.

800-433-8539

(850) 763-2995
Fax (850) 872-8080
P.O. BOX 15894
PANAMA CITY, FL 32405

Larry F. Dewberry, P.E.

Florida P.E.      #28503
Georgia P.E.      #14512
Alabama P.E.      #14606
Mississippi P.E. #12149

Education:

MSEE - 1973: Georgia Institute of Technology
BEE - 1971: Georgia Institute of Technology

Member:

Institute of Electrical and Electronic Engineers
Society of Automotive Engineers
National Fire Protection Association

Experience:

January, 1984 to Present:   Senior Engineer, Franklin
Engineering.   Providing consulting services in the areas of
failure analysis and reconstruction.   Services are provided
by myself and other consultants.   My specialties are accident
reconstruction,   accident   computer   simulation,   fire   cause
determination, and lightning damage analysis.

May, 1977 to January, 1984:   Manager, Swimmer Delivery
Vehicle (SDV) electronic and electrical subsystems, Naval
Coastal   Systems   Center   (NCSC),   Panama   City,   Florida.
Responsible for the design, production, and documentation of
all electrical and electronic subsystems used in the SDV
program.   Other responsibilities included acting as the
Federal government technical representative during contract
performance and serving as a consultant to other Naval
activities.

July, 1974 to May, 1977: Electronic engineer, NCSC, for MK11
underwater breathing apparatus.   Responsibilities included
design,   development,   and   configuration   control   of
communication   and   life   support   monitoring   equipment.
Developmental work resulted in my being issued Patent Nos.
4013992 and 4164981.

July, 1973 to June, 1974:   Electronic engineer, NCSC.
Developed computer simulation and conceptual design of
underwater   vehicle   control   systems.   Co-authored   the

Larry F. Dewberry, P.E.        Page 2

published report, "The Analysis of Longitudinal Control Systems for Underwater Vehicles", which detailed the results of this project.

June, 1972 to June, 1973:   Graduate student at Georgia Institute of Technology; graduate research assistant for Dr. M. Milner.  Developed monitoring system for measurement of human nerve impulses during normal walking.  Graduated Master of Science Electrical Engineering.

March, 1971 to May, 1972:   Field engineer, Schlumberger Offshore Services.  Performed electronic measurements on exploration offshore drilling platforms to evaluate presence of oil or gas.  Supervised two or three technicians and interpreted the results of the tests.

June, 1969 to March 1971:  Undergraduate at Georgia Institute of Technology.   Graduated, Bachelor of Electrical Engineering.

March, 1969 to June, 1969:  Substation test helper, Georgia Power Company.  Assisted test engineers in inspection of the instrumentation, transformers, and circuit breakers in power distribution substations.

April, 1967 to March, 1969:   Specialist 5th Class, Calibration Technician, U.S. Army.  Calibrated and repaired electronic and physical measuring devices.  Tour of duty included six months training in the United States followed by 17 months overseas in Thailand, Vietnam, Taiwan, and Okinawa.

September, 1964 to January 1967:   Undergraduate, Georgia Institute of Technology.  Drafted into U.S. Army during sophomore year.

Personal Data:

Date/Place of Birth:  January 18, 1946; Bremen, Georgia

Height:  5'6"

Weight:  145 lbs.

Caucasian

Marital Status:  Married to Sarah B. Dewberry

Children:
Timothy F. Dewberry, born December 6, 1983
Julie A. Dewberry, born November 14, 1985

# FRANKLIN
# ENGINEERING

800-433-8539

Franklin Technical Services, Inc.

**(850) 763-2905**
Fax (850) 872-8080
P.O. BOX 15894
PANAMA CITY, FL 32406

May 23, 2008

Ramsey, Baxley & McDougle
P. O. Drawer 1486
Dothan, AL 36302-1486

Attention: Mr. J. Ramsey

Re: Russ/Trawick accident
   on March 23, 2007
Your File:
Franklin File: 108096

Dear Mr. Ramsey,

This is an invoice for professional services provided to your company regarding the above referenced file.   Please use Federal ID# 59-3000656 for your records.

If, after 3 months from the date of this invoice, we have not received payment, a 10% interest charge will be added to the invoice total each month the invoice remains unpaid.

The following is an itemized list of charges:

Professional Engineer for 12½ hours at $160/hour.....$2,000.00
Photographic processing...........................$   76.50
15% Overhead and clerical fee.......................$  311.48
                              Total Due...$2,387.98

Thank you.

Sincerely,

Larry F. Dewberry

PLAINTIFF'S
EXHIBIT
C

| Job # | Type of Job | P/J | Client | D/Test | Job Location | Style of Case | Trial |
|---|---|---|---|---|---|---|---|
| 102200 | Ladder accident | D | Bill Wright, Pensacola, FL | 1/20/2004 | Cantonment, FL | Franklin v. Stoner | Yes |
| 104022 | Fire, undetermined | D | Mike Beers, Montgomery, AL | 6/3/2004 | Evergreen, AL | Bricken v. South AL Buggy Works | |
| 104166 | Accident reconstruction | D | Tony Higgins, Montgomery, AL | 11/23/2004 | Jackson Gap, AL | Eizey & Cooper v. Advanced Construction Services, Inc. | |
| 10102B | Fire, electrical | D | Stephan Freeman, Tampa, FL | 12/17/2004 | Ft. Walton Bch, FL | Hall vs. Gulf Power | |
| 104292 | Slip & fall | P | John Moneyham, Panama City, FL | 2/7/2005 | Panama City, FL | Zahara v. Commercial Supply Co. | Yes |
| 104177 | Accident reconstruction | P | Chris Peters, Mobile, AL | 2/11/2005 | Mobile, AL | Fondon v. Crown Health Corp. | |
| 105017 | Accident reconstruction | P | Doug Dykes, Panama City, FL | 4/27/2005 | Panama City Bch, FL | Tyner v. Beaumont | |
| 103247 | Accident reconstruction | D | Tommy Yearout, Birmingham, AL | 8/4/2005 | Pensacola, FL | Covington v. Advance Auto Transport | |
| 101059 | Fire, torch | P | Bill Cam, Dothan, AL | 11/22/2005 | Panama City, FL | Auto-Owners Insurance v. Sanders Electrical & Plumbing | |
| 105199 | Accident reconstruction | P | Rick Howard, Montgomery, AL | 12/16/2005 | Fruithurst, AL | Champion v. Laminack | Yes |
| 104064 | Fire, hydraulic | P | Elizabeth Herre, Atlanta, GA | 12/21/2005 | Pensacola, FL | Maryland Casualty Insurance v. Bagby Electric | |
| 103053 | Fire, fireplace | D | Bob Crabtree, Tallahassee, FL | 3/3/2006 | Bonifay, FL | Weiss v. Saunders | |
| 105247 | Accident reconstruction | D | Merrill Shirley, Elba, AL | 3/13/2006 | Greenville, AL | Bohiman v. Siegmund | Yes |
| 103195 | Accident reconstruction | D | Joel Ramsey, Dothan, AL | 4/11/2006 | Dothan, AL | Womack v. Crittenden | |
| 102230 | Accident reconstruction | D | M. Meyer von Bremen, Albany, GA | 4/20/2006 | Early County, GA | Musgrove v. Perdue Farms | |
| 106059 | Accident reconstruction | D | Jeff Parmer, Birmingham, AL | 7/10/2006 | Fultondale, AL | Barnes v. Hammett | |
| 104237 | Fire, hydraulic | D | Harold Mardenborough, Tallahassee | 11/21/2006 | Tallahassee, FL | Briggs v. Allstate Insurance | Yes |
| 106101 | Accident reconstruction | P | Will Phillips, Mobile, AL | 11/27/2006 | Chickasaw, AL | Pugh v. Ortega | |
| 104182 | Accident reconstruction | D | Harris Brown, Jacksonville, FL | 2/14/2007 | Live Oak, FL | Central Mutual Insurance v. Bradow | |
| 104289 | Electrical claim | D | Joel Pearson, Montgomery, AL | 2/21/2007 | Andalusia, AL | Pioneer Telephone v. Auto-Owners Insurance | |
| 105212 | Gas explosion | P | Josh Briskman, Birmingham, AL | 7/31/2007 | Daphne, AL | Krantz v. A. O. Smith | |
| 105362 | Electrical shock | N | Andy Rutens, Mobile, AL | 8/2/2007 | Dothan, AL | Micky Lee Young v. James B. Sheffield | Yes |
| 106049 | Fire, electrical | D | Jim Patterson, Mobile, AL | 8/3/2007 | Orange Beach, AL | L&M Enterprise v. Quality Sign | |
| 102012 | Fire, electric motor | D | Mike Jackson, Montgomery, AL | 8/7/2007 | Dothan, AL | Enfinger Steel v. American Resources | |
| 105221 | Electrocution | D | Mark Ulmer, Mobile, AL | 8/14/2007 | Atmore, AL | Adams v. Alabama Power | Yes |
| 103181 | Fire, electrical | P | Gary Williford, Montgomery, AL | 9/20/2007 | Pansey, AL | Allstate Insurance v. Phillips Electronics | |
| 106180 | Fire, incendiary | D | William Hughes, Tallahassee, FL | 9/26/2007 | Pensacola, FL | Wiggins v. Universal Property & Casualty | |
| 105312 | Electric shock | D | Al Guenmer, Tampa, FL | 10/18/2007 | Navarre, FL | Grooms v. Service Max Delivery | Yes |
| 106184 | Accident reconstruction | P | Ralph Young, Florence, AL | 11/6/2007 | Florence, AL | McClure & Harris v. Ponderosa Logging | Yes |
| 106102 | Accident reconstruction | P | Clayton Syfrett, Panama City, FL | 11/15/2007 | Lynn Haven, FL | Siezega v. Daimler Chrysler Corp. | |
| 105180 | Computer system | D | David Hannah, Mobile, AL | 1/3/2008 | Elberta, AL | Computerized Security Systems v. Auto Owners Insurance | Yes |
| 106242 | Accident reconstruction | D | Merrill Shirley, Elba, AL | 4/15/2008 | Opp, AL | Stoutemire v. Bullard Excavating | |
| 108078 | Accident reconstruction | P | Charles Godwin, Atmore, AL | 4/21/2008 | Atmore, AL | Nelson v. Slywczuk | |

# FRANKLIN
# ENGINEERING

Franklin Technical Services, Inc.

800-433-8539

**(850) 763-2905**
Fax (850) 872-8080
P.O. BOX 15894
PANAMA CITY, FL 32406

May 23, 2008

Ramsey, Baxley & McDougle
P. O. Drawer 1486
Dothan, AL 36302-1486

Attention: Mr. J. Ramsey

Re: Russ/Trawick accident
    on March 23, 2007
Your File:
Franklin File: 108096

Dear Mr. Ramsey,

Complying with your instructions on May 5, 2008, we inspected the accident report, the accident scene, photographs of the involved vehicles, and depositions of the drivers of the vehicles involved in the above referenced accident for the purpose of reconstructing the events which led to the accident.

## BACKGROUND

We understand that at approximately 11:25 a.m. on March 23, 2007, Vehicle No. 1, a 2005 Nissan pick-up truck, and Vehicle No. 2, a 1995 Oldsmobile, were southbound on U. S. Highway 231, near its intersection with Marley Mill Road in Ozark, Alabama. We also understand the investigating officer stated Vehicle No. 1 was behind Vehicle No. 2, following too close, and the front of Vehicle No. 1 impacted the rear of Vehicle No. 2, causing Vehicle No. 2 to travel through a median crossover and impact a guard rail on the east side of the roadway. We also understand the impact occurred 100 feet south of Marley Mill Road (see Enclosure 1).

## INSPECTION

We reviewed the deposition of Ms. Trawick, the driver of Vehicle No. 2. She states her vehicle was initially on Marley Mill Road and stopped at the U. S. Highway 231 intersection. She also stated she saw no oncoming traffic so she steered her vehicle south onto U. S. Highway 231 and was impacted from behind.

We also reviewed the deposition of Mr. Russ, the driver of Vehicle No. 1. He stated his vehicle was proceeding at approximately 65 miles per hour (mph). He also stated he

FRANKLIN ENGINEERING          Page 2                    108096

looked to his left to check traffic.  He further stated that
when he looked back, he saw Vehicle No. 2 and applied his
vehicle's brakes but was unable to stop his vehicle before
the impact.

We inspected the accident scene on May 7, 2008.  The accident
occurred south of Marley Mill Road, but we were unable to
identify any marks on the roadway that we could attribute to
this accident.  The intersection of Marley Mill Road and U.
S. Highway 231 has a stop sign for traffic crossing the
southbound lanes to proceed north on U. S. Highway 231.  We
found only a yield sign for traffic entering southbound U. S.
Highway 231.  We found no indications of permanent visual
obstructions that would prevent the driver of a vehicle
merging into southbound U. S. Highway 231 from seeing
oncoming traffic (see photo nos. 1-7).

We chose the south edge of the merge lane for traffic
entering southbound U. S. Highway 231 from Marley Mill Road
as our zero point and measured distances from our zero point
to approximately 2,200 feet north of our zero point.  The
accident site is not visible from 2,200 feet north of our
zero point but comes into view approximately 1,800 feet north
of our zero point.  The north edge of the median crossover is
approximately 325 feet south of our zero point (see photo
nos. 8-32).

We also reviewed photographs of the vehicles taken after the
accident.  The photographs show the rear of Vehicle No. 2
sustained heavy impact damage and the front of Vehicle No. 1
sustained moderate impact damage (see photo nos. 33-51).

ANALYSIS

We analyzed the timing of the accident based on Vehicle No. 2
stopping at the yield sign and also entering U. S. Highway
231 at speeds ranging between 10 mph and 20 mph and a 100-
foot pre-impact travel distance.  We also calculated the
distance between Vehicle Nos. 1 and 2 based on those
estimates and an impact closure speed between 20 mph and 30
mph.  Those calculations indicate Vehicle No. 1 was between
263 and 604 feet from the point of impact when Vehicle No. 2
entered the roadway.  At 65 mph, Vehicle No. 1 would have
been in sight of vehicles at the intersection for
approximately 19 seconds.  That is not consistent with the
testimony of the driver of Vehicle No. 2 that no traffic was
southbound on U. S. Highway 231 at the time her vehicle
entered the roadway.  The driver of Vehicle No. 1 stated he

FRANKLIN ENGINEERING          Page 3                    108096

checked his mirrors and when he looked back toward the front,
Vehicle No. 2 was in front of his vehicle.  All those factors
indicate Vehicle No. 1 had the right-of-way and the accident
occurred when Vehicle No. 2 pulled into the path of Vehicle
No. 1.  Since the driver of Vehicle No. 2 stated she did not
see Vehicle No. 1, the cause of the accident cannot be
attributed to Vehicle No. 1 proceeding at a higher than
normal speed.

The driver of Vehicle No. 2 stated she stopped her vehicle
before entering southbound U. S. Highway 231.  However, the
traffic control for southbound traffic is a yield sign rather
than a stop sign.  If there was no oncoming traffic, there
would have been no reason for Vehicle No. 2 to come to a
complete stop at the yield sign.

CONCLUSIONS

Vehicle No. 1 was between 200 and 600 feet away from the
point of impact at the time Vehicle No. 2 pulled into its
path of travel.  Vehicle No. 1 had the right-of-way when
Vehicle No. 2 pulled into its path of travel.  Vehicle No. 1
would have been in the sight of the driver of a vehicle at
the intersection for at least 19 seconds prior to the impact.
The driver of Vehicle No. 2 testified that Vehicle No. 1 was
not in sight at the time she drove her vehicle into the
roadway.

OPINION

It is our opinion the accident occurred when Vehicle No. 2
entered the path of Vehicle No. 1 and the driver of Vehicle
No. 1 was unable to stop his vehicle before impacting Vehicle
No. 2.  It is also our opinion that before Vehicle No. 2
entered the roadway, the driver either did not look for
oncoming traffic or for some unknown reason failed to see
Vehicle No. 1.  It is further our opinion that for at least
19 seconds before the impact, Vehicle No. 1 was within sight
of the drivers of vehicles entering U. S. Highway 231 from
Marley Mill Road.

Sincerely,

Franklin Engineering,

Larry F. Dewberry, P.E.                5/23/08

**LOCATION AND TIME**

Date 05 23 2007  Time 11:25 AM/PM  Day of Week M T W TH F S S  County 26 Ozark

On Street, Road or Highway  U.S. 231

At Intersection of or Between (Node 1)  Marley Mill Rd.  And (Node 2)  Goff Drive

Street or Road Code 8053  7366  Node Code 7357  100.00

First Harmful Event 20  Event Location  Distance to Fixed Object ___ FT.

**UNIT NO 1 — DRIVER**

Driver Full Name  Ronnie Eugene Russ  Street Address 1998 Old Bonifay Rd  City and State Chipley, FL  ZIP 32428  Telephone No. 850-638-2906

DOB 10 30 1969  Sex M  Race W  DL State FL  Driver License No. R200-725-69-030-0  DL Class E  DL States C  CDL Status N  Residence Less Than 25 Miles

Place of Employment  Winn Dixie, Chipley, FL  Liability Insurance Co.  State Farm

Maneuver 01  Travel Road Name  U.S. 231  Road Code 8053  Travel Direction 97  Other Contr. Circumstance 97  Prime Harm Event 20  Event Loc  NA

**COM VEH / UNIT 1 — VEHICLE**

Veh Year 2005  Make Niss  Model Fro  Body NA  V.I.N. 1N6AD07U85C4-01719  License Tag Number I28QNL  State FL  Year 2008

Owner's Name  Same

Speed Limit 65 MPH  Est. Speed 65 MPH  Citation Offense Charged  None  Damage Severity

Vehicle Towed By Whom?  Rahall Chev. Nissan  To Where: Rahall Chev. Nissan Chipley, FL

**UNIT NO 2 — DRIVER**

Driver/Pedestrian Full Name  Jackie Trawick  Street Address 228 Merioneth Drive  City and State Ozark, AL  ZIP 36360  Telephone No. 334-445-0701

DOB 10 20 1958  Sex F  Race W  DL State AL  Driver License No. 8772837  DL Class DM  DL States C  CDL Status N  Residence Less Than 25 Miles

Place of Employment  unemployed  Liability Insurance Co.  Progressive

Maneuver/Action 01  Travel Road Name  U.S. 231  Road Code 8053  Travel Direction 97  Other Contr. Circumstance 97  Prime Harm Event 20  Event Loc  NA

**COM VEH / VEHICLE OR PEDESTRIAN — UNIT 2**

Veh Year 1995  Make Olds  Model Eig  Body 4D  V.I.N. 1G3HN52KXS4809842  License Tag Number 26B101H  State AL  Year 2007

Owner's Name  Same

Speed Limit 65 MPH  Est. Speed 40 MPH  Citation Offense Charged  None  Damage Severity

Vehicle Towed Away?  Yes No  Occupants in Unit ___

Vehicle Towed By Whom?  Transmatic Transmission  To Where: Transmatic Transmission (Local)

Enclosure 1

**SEATING**

13 - Rider of Domestic Animal
14 - Occ. of Non-Motorized Vehicle
16 - Victim of Other Circumstances/
     Codes Not Applicable

Other Involved
Safety Equipment

**VICTIMS**

| | Name | Address | Unit No | Seat Pos | Injury Type | Age | Sex | Ejec-tion | First Aid By |
|---|---|---|---|---|---|---|---|---|---|
| | Ronnie Eugene Russ | 1998 Old Bonifay Rd, Chipley, FL, 32428 | 1 | 1 | B | 38 | M | N | M |

Taken To: Dale Medical Center, Ozark, AL    Taken By: Emergystat Ambulance Service

| | Name | Address | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | Jackie Trawick | 228 Merionth Dr. Ozark, AL, 36360 | 2 | 1 | A | 48 | F | N | M |

Taken To: Dale Medical Center, Ozark, AL    Taken By: Emergystat Ambulance Service

**CODES**

Injury Type:
E - Killed
B - Bruise/Abrasion/Swelling
A - Visible or Carried from Scene
C - Not Visible—Has Pain/Faint

Ejected:
F - Fully  T - Trapped
F - Fully  U - Unknown
L - Partially  X - Not Applicable

First Aid By:
A - Ambulance Attended
D - Doctor
P - Paramedic
O - Other
R - Police
U - Unknown
N - None

**NARRATIVE AND DIAGRAM**

US 231

US 231

AOI

(2) (1)    (2)    (1)

Guard Rail    AOI    N

Not to Scale

Officer's Opinion of What Happened: Unit 2 was traveling on U.S. 231 in the right lane. Unit 1 was behind Unit 2, following too close. Unit 1 struck Unit 2 on the rear and caused Unit 2 to lose control. Unit 2 crossed the opposing lanes and struck a guard rail.

**ROADWAY ENVIRONMENT**

Unit 1

| Contributing Road Defects | Surface Construction | Condition |
|---|---|---|
| Unit 1 | | |
| 1 - None | 1 - Asphalt | 1 - Dry |
| 1 - Shoulders Low | 2 - Concrete | 2 - Wet |
| 2 - Shoulders High | 3 - Brick | 3 - Icy |
| 3 - Holes, Bumps, Etc. | 4 - Unpaved | 4 - Snowy/Slushy |
| 8 - Other | 8 - Other | 5 - Muddy |
| | | 8 - Other |

Unit 2

Vision Obscured By:
0 - Not Obscured
1 - Buildings
2 - Signboard
3 - Trees, Crops, Bushes
4 - Blowing Snow/Sand
5 - Hillcrest
6 - Curve in Road
7 - Fog
8 - Parked Vehicle
9 - Moving Vehicle(s)
10 - Blinded by Sunlight
11 - Fire/Smoke
12 - Dust
13 - Blinded by Headlights
14 - Embankment
15 - Rain on Windshield
16 - Snow on Windshield
98 - Other
99 - Unknown

Accident in Dr. Related To Road Construction Zone?
No    Yes

Material in Roadway (Contributing):
1 - None
2 - Rocks
3 - Trees/Limbs
4 - Dirt
5 - Gravel
6 - Oil/Petrol
8 - Other

Material Source:
1 - Not Applicable
2 - Natural Environment
3 - Dropped From Vehicle
4 - Already in Road, But Fell From Vehicle
8 - Other
9 - Unknown

Character:
1 - Straight—Level
2 - Straight—Down Grade
3 - Straight—Up Grade
4 - Straight—Hillcrest
5 - Curve—Level
6 - Curve—Down Grade
7 - Curve—Up Grade
8 - Curve—Hillcrest

Traffic Control:
1 - Police Officer
2 - R.R. Crossing Gates
3 - R.R. Flashing Lights
4 - R.R. Cross Bucks/Pave. Mark
5 - Pedestrian Crossing
6 - Traffic Signal
7 - Flashing Beacon
8 - Stop Sign
9 - Yield Sign
10 - Lane Control Device
11 - Flagger
12 - No Passing Zone
98 - Other

Traffic Control Functioning:
Yes  No
Yes  No

DOT Railroad Crossing No.: NA

Opposing Lanes Separated By:
97 - None
1 - Paved Surface
2 - Unpaved Surface
3 - Broken Painted Line
4 - Solid Painted Line
5 - Concrete Barrier
6 - Metal Guard Rail
7 - Fence
98 - Other Barrier

Trafficway Lanes:
1 - One Lane
2 - Two Lanes
3 - Three Lanes
4 - Four Lanes
5 - Five Lanes
6 - Six Lanes or More

One-Way Street:
Yes    Yes

Non-Vehicular Property Damage:
1 - None Visible
2 - Light
3 - Moderate
4 - Severe

Property Damage Description: NA

**INVESTIGATION**

Light:
1 - Daylight
2 - Dawn
3 - Dusk
4 - Darkness—Road Not Lit
5 - Darkness—Road Lit

Weather:
1 - Clear
2 - Cloudy
3 - Rain
4 - Snow
5 - Sleet/Hail
6 - Crosswind
7 - Fog
8 - Other

Locale:
1 - Open Country
2 - Residential
3 - Shop'g or Business
4 - Mfg. or Industrial
5 - School
6 - Playground
8 - Other

Description: NA
Owner:
Address:

| Time Police Notified | | Time Police Arrived | | Time EMS Arrived | | Name of Photographer |
|---|---|---|---|---|---|---|
| 11 27 | AM PM | 11 35 | AM PM | 11 38 | AM PM | NA |

Witness Full Name: NA    Address:    Telephone:
Witness Full Name: NA    Address:    Telephone:

Name of Investigating Officer: Christopher Paul Juneau    Officer ID: 120    Agency ORI: 0260100    Supervisor Reviewed: B.

Name of Other Investigating Officer(s) at Scene: NA    Officer ID:    Agency ORI:

The data on this report reflects my best knowledge, opinion and belief covering the accident, but no warrant is made as to the factual accuracy thereof.

Signature of Investigating Officer: Chris Juneau    Date: 03-23-2007

FRANKLIN ENGINEERING

108096



PHOTO No. 1: Accident scene as viewed from the southeast.

PHOTO No. 2: Accident scene as viewed from the south.



FRANKLIN ENGINEERING                                     108096



PHOTO No. 3: Merge lane for traffic entering southbound U. S. Highway 231.

PHOTO No. 4: Stop sign and merge lane for eastbound traffic on Marley Mill Road.





PHOTO No. 5: Yield sign for traffic on Marley Mill Road.

PHOTO No. 6: View of southbound traffic on U. S. Highway 231 as seen from the area near the yield sign.



FRANKLIN ENGINEERING                                      108096



PHOTO No. 7: View of southbound traffic on U. S. Highway 231 as seen from the area of the yield sign.

PHOTO No. 8: Our zero point at the south edge of the merge lane.



FRANKLIN ENGINEERING                                          108096



PHOTO No. 9: U. S. Highway 231 as we looked south, approximately 2200 feet north of our zero point.

PHOTO No. 10: U. S. Highway 231 as we looked south, approximately 2000 feet north of our zero point.



FRANKLIN ENGINEERING                                    108096



PHOTO No. 11: U. S. Highway 231 as we looked south, approximately 1800 feet north of our zero point.

PHOTO No. 12: U. S. Highway 231 as we looked south, approximately 1600 feet north of our zero point.



FRANKLIN ENGINEERING                                              108096



PHOTO No. 13: U. S. Highway 231 as we looked south,
approximately 1400 feet north of our zero point.

PHOTO No. 14: U. S. Highway 231 as we looked south,
approximately 1200 feet north of our zero point.



FRANKLIN ENGINEERING



PHOTO No. 15: U. S. Highway 231 as we looked south, approximately 1000 feet north of our zero point.

PHOTO No. 16: U. S. Highway 231 as we looked south, approximately 800 feet north of our zero point.



FRANKLIN ENGINEERING                                      108096



PHOTO No. 17: U. S. Highway 231 as we looked south, approximately 600 feet north of our zero point.

PHOTO No. 18: U. S. Highway 231 as we looked south, approximately 500 feet north of our zero point.



FRANKLIN ENGINEERING                                        108096



PHOTO No. 19: U. S. Highway 231 as we looked south, approximately 400 feet north of our zero point.

PHOTO No. 20: U. S. Highway 231 as we looked south, approximately 300 feet north of our zero point.



FRANKLIN ENGINEERING                                    108096



PHOTO No. 21: U. S. Highway 231 as we looked south, approximately 200 feet north of our zero point.

PHOTO No. 22: U. S. Highway 231 as we looked south, approximately 100 feet north of our zero point.



FRANKLIN ENGINEERING                                    108096



PHOTO No. 23: U. S. Highway 231 as we looked south, from approximately our zero point.

PHOTO No. 24: U. S. Highway 231 as we looked south, approximately 50 feet south of our zero point.



FRANKLIN ENGINEERING                                    108096



PHOTO No. 25: U. S. Highway 231 as we looked south, approximately 100 feet south of our zero point.

PHOTO No. 26: U. S. Highway 231 as we looked south, approximately 150 feet south of our zero point.



FRANKLIN ENGINEERING                                    108096



PHOTO No. 27: U. S. Highway 231 as we looked south, approximately 200 feet south of our zero point.

PHOTO No. 28: U. S. Highway 231 as we looked south, approximately 250 feet south of our zero point.



FRANKLIN ENGINEERING                                    108096



PHOTO No. 29: U. S. Highway 231 as we looked south, approximately 300 feet south of our zero point..

PHOTO No. 30: U. S. Highway 231 as we looked south, approximately 350 feet south of our zero point.



FRANKLIN ENGINEERING                           108096



PHOTO No. 31: U. S. Highway 231 as we looked east, approximately 300 feet south of our zero point.

PHOTO No. 32: U. S. Highway 231 as we looked east, approximately 350 feet south of our zero point.



FRANKLIN ENGINEERING                                      108096



PHOTO No. 33: Reproduction of a photograph of Vehicle No. 1.

PHOTO No. 34: Reproduction of a photograph of Vehicle No. 1.



FRANKLIN ENGINEERING                                        108096



PHOTO No. 35: Reproduction of a photograph of Vehicle No. 1.

PHOTO No. 36: Reproduction of a photograph of Vehicle No. 1.



FRANKLIN ENGINEERING                                    108096



PHOTO No. 37: Reproduction of a photograph of Vehicle No. 1.

PHOTO No. 38: Reproduction of a photograph of Vehicle No. 1.



FRANKLIN ENGINEERING                                                  108096



PHOTO No. 39: Reproduction of a photograph of Vehicle No. 1.

PHOTO No. 40: Reproduction of a photograph of Vehicle No. 1.



FRANKLIN ENGINEERING                                          108096



PHOTO No. 41: Reproduction of a photograph of Vehicle No. 1.

PHOTO No. 42: Reproduction of a photograph of Vehicle No. 2.



FRANKLIN ENGINEERING                                          108096





PHOTO No. 43: Reproduction of a photograph of Vehicle No. 2.

PHOTO No. 44: Reproduction of a photograph of Vehicle No. 2.



FRANKLIN ENGINEERING

108096





PHOTO No. 45: Reproduction of a photograph of Vehicle No. 2.

PHOTO No. 46: Reproduction of a photograph of Vehicle No. 2.



FRANKLIN ENGINEERING                                    108096





PHOTO No. 47: Reproduction of a photograph of Vehicle No. 2.

PHOTO No. 48: Reproduction of a photograph of Vehicle No. 2.



FRANKLIN ENGINEERING                                        108096



PHOTO No. 49: Reproduction of a photograph of Vehicle No. 2.

PHOTO No. 50: Reproduction of a photograph of Vehicle No. 2.



FRANKLIN ENGINEERING                                        108096



PHOTO No. 51: Reproduction of a photograph of Vehicle No. 2.