IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| JACKIE TRAWICK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 1:07-CV-1101 MHT |
| RONNIE EUGENE RUSS, | ) ) ) |
| Defendant. | ) |

**DEFENDANT'S BRIEF IN RESPONSE TO PLAINTIFF'S MOTION
TO STRIKE DEFENDANT'S AMENDED RULE 26 DISCLOSURE**

Comes now the Defendant in the above-styled cause and for response to Plaintiff's Motion to Strike the Defendant's Amended Rule 26 Disclosure, shows the Court as follows:

1. As already noted in Part One of the Defendant's Brief in response to the Plaintiff's Objection to Defendant's Motion for Leave to Amend its Answer (which the Defendant incorporates by reference), the Defendant's attorney did not realize he had a factual basis to plead Contributory Negligence until the deposition of the Plaintiff was taken on May 2, 2008.

2. After learning on May 2nd that the Plaintiff entered U.S. Highway 231 from Marley Mill Road, the Defendant's attorney had to request the authority to employ an expert witness and have that expert go to the scene and do an evaluation of the facts.

3. Once the Defendant confirmed that his expert witness could offer relevant testimony as to how the accident occurred, he notified the Plaintiff's attorney of his

expert witness and the basic facts he was expected to testify to. He also requested a written report and the additional information required by Rule 26(a)(2), FRCP.

4. The Defendant furnished Mr. Dewberry's written and signed report, together with photographs of the scene, a list of the cases Mr. Dewberry has testified in and his bill to the Plaintiff's attorney, on May 28, 2008.

5. The Plaintiff's attorney has acknowledged that he has received the complete Rule 26 information regarding Mr. Newberry as of May 28th, which means the Plaintiff had all of this information within nine (9) days of when it was due.

6. The Defendant would have no objection to the Court allowing the Plaintiff sufficient time to obtain a rebuttal expert as provided by Section 7 of the Uniform Scheduling Order, which should not require changing any of the other deadlines in that Order, but would accommodate the Plaintiff as to any extensions that are needed regarding her rebuttal expert.

RAMSEY, BAXLE& & McDOUGLE

By /s/ Joel W. Ramsey
Joel W. Ramsey RAM 005
Attorney for Defendant
P. O. Drawer 1486
Dothan, Alabama 36302
(334) 793-6550
jwr@rbmlaw.org

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon Rufus R. Smith, Jr., Esq., P. O. Drawer 6629, Dothan, Alabama, 36302, by depositing the same in the United States Mail, postage prepaid and properly addressed.

This, the 30th day of May, 2008.

_____
Of Counsel