IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

JACKIE TRAWICK,                )
                               )
        Plaintiff,             )
                               )
v.                             )   CIVIL ACTION NO. 1:07-CV-1101 MHT
                               )
RONNIE EUGENE RUSS,            )
                               )
        Defendant.             )

**DEFENDANT'S BRIEF IN SUPPORT OF
DEFENDANT'S MOTION TO AMEND ANSWER**

PART I

The facts giving rise to this Motion, establishing Defendant's "good cause" for requesting leave to amend his Answer to assert the affirmative defense of Contributory Negligence are as follows:

1.  As per this Court's Order, the parties met and agreed on a scheduling order, which was submitted to the Court and filed with the clerk on January 29, 2008. That Agreement is referred to in the Court's Uniform Scheduling Order as Document No. 8. Paragraph 4 of that Document provided in part: "The parties should be allowed until June 6, 2008, to join additional parties and amend the pleadings." This deadline and others in the parties' proposed Order assumed that the case would be ready for trial during the September 8, 2008, civil jury term.

2.  On January 30, 2008, this Court entered its Uniform Scheduling Order, paragraph 4 of which provided that: "Motions to amend the pleadings and to add parties shall be filed by the Plaintiff on or before April 1 and by the Defendant on or

before April 1, 2008." That Order also changed the trial date from September 8 to November 3, 2008.

3. According to the police report of this accident, a copy of which is attached as Exhibit A, the Defendant was charged with being responsible for the accident because he was "following too close" and as a result, rear-ended the Plaintiff's vehicle.

4. The Defendant acknowledged at the scene, as well as in his answers to the Plaintiff's Interrogatories and his deposition, that he did not see the Plaintiff's vehicle until immediately before he rear-ended her. Therefore, he was at fault and had no factual basis upon which to base a plea of Contributory Negligence.

5. The parties did engage in discovery, but were delayed in that the Defendant lived out of state in Chipley, Florida, and his job required him to travel extensively during the week. His only day off was Friday and he typically spent a portion of that day returning from his place of employment to his home (as he was doing on the date of this accident). Therefore, it was difficult for the Defendant's attorney to schedule face-to-face meetings with his client, as well as his deposition.

6. The Plaintiff's attorney refused to schedule the parties' depositions until he had received the Defendant's responses to the Plaintiff's discovery. (A copy of Mr. Smith's letter of March 4, 2008, is attached as Exhibit B). The Defendant was unable to furnish those responses to the Plaintiff's attorney before April 8th, and at that point, the depositions of the parties were scheduled for May 2nd.

7. It was only when the deposition of the Plaintiff was taken on May 2, 2008, that the Defendant's attorney learned that the Plaintiff had entered Highway 231 from Marley Mill Road approximately 100 feet north of where the collision occurred. Only at

that time did the Defendant's attorney realize that he might have a viable Contributory Negligence defense.

8. The Defendant's attorney contracted Mr. Larry Dewberry, a professional engineer, to investigate the facts and give an opinion as to the relevant positions of the parties' vehicles prior to impact, based upon the Plaintiff's testimony at her deposition as to how the accident occurred.

9. Only after the Defendant's attorney received confirmation from Mr. Dewberry that the Defendant's vehicle would have been in sight and that the Plaintiff should have observed his vehicle approaching the intersection before pulling out in front of it from Marley Mill Road, did the Defendant feel justified in moving to amend his Answer to assert the affirmative defense of Contributory Negligence.

10. At that point, the Defendant did file a Motion for Leave to Amend its Answer to assert the defense of Contributory Negligence, and also amended its disclosure to identify Mr. Dewberry as his expert witness. Even at that point, the Defendant's attorney did not have Mr. Dewberry's written report, which was not received and furnished to the Plaintiff's attorney until May 28, 2008.

11. The Plaintiff's attorney has objected to the Defendant's Motion to Amend his pleadings, but the Defendant's attorney submits that he has acted in a diligent manner and the Plaintiff will not be legally prejudiced, in that the parties had previously agreed that the Defendant would have until June 6, 2008, to amend his pleadings. At that time, the parties assumed the case would be tried in September, rather than November.

12. A copy of the Defendant's Amended Answer is attached as Exhibit C.

## PART II

The legal authorities in support of the Defendant's Motion are as follows:

As noted in the <u>Federal Civil Rules Handbook</u>, Baker-McKee, Janssen and Corr, published by Thompson West, 2008, at page 456:

> If a proposed amendment cannot be filed as of right, and the opposing party will not consent, a motion may be filed with the court seeking leave to amend. In that circumstance, permission to amend rests within the discretion of the court. However, Rule 15(a) directs the court to grant leave to amend "when justice so requires," and in practice the burden is usually on the party opposing the amendment to demonstrate why the amendment should not be permitted." See <u>Foman v. Davis</u>, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)

This same authority does point at page 458:

> While, as a general rule, leave to amend may be granted freely in the interest of justice, the likelihood of obtaining permission to amend diminishes drastically after the court enters a scheduling order (with deadlines for amendments)."

The cases cited there include <u>Leary v. Daeschner</u>, 349 F.3d 888, 909 (6th Cir. 2003), for the proposition that once a deadline in a scheduling order has passed, the requirement for "good cause" under Rule 16 must be satisfied. However, the district court must also evaluate the potential of prejudice to the opposing party.

Quoting from the <u>Federal Civil Rules Handbook</u> again, at page 459, the "Standard of Discretion" is described as follows:

> Generally, leave to amend is granted unless a weighing of several factors suggests that leave would be inappropriate. In particular, if leave to amend is denied, it will often occur because an amendment would create unfair prejudice to another party. Prejudice is most commonly found when there as been substantial unjustified delay in moving to amend that creates an unfair disadvantage for an opposing party. By contrast, no unfair prejudice exists simply because a party has to defend against new or better pleaded claims.

In this case, Defendant would point out that according to the parties' original Scheduling Order, this amendment is not untimely. Further, the Plaintiff has almost two months more to prepare for trial than the parties anticipated when they agreed on their proposed Scheduling Order.

The Defendant respectfully submits that he had to balance the interest of pleading an affirmative defense that he had no facts to support as opposed to proceeding with discovery and waiting to depose the Plaintiff. Once the Plaintiff's deposition was taken on May 2nd, the Defendant did proceed with due diligence to confirm that he did, in fact, have a factual basis sufficient to support the affirmative defense of Contributory Negligence.

The Defendant respectfully submits that his Motion to Amend to add the affirmative defense of Contributory Negligence should be granted based upon these facts and legal authorities.

RAMSEY BAXLEY & McDOUGLE

By /s/ Joel W. Ramsey
Joel W. Ramsey RAM 005
Attorney for Defendant
P. O. Drawer 1486
Dothan, Alabama 36302
(334) 793-6550
jwr@rbmlaw.org

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon Rufus R. Smith, Jr., Esq., P. O. Drawer 6629, Dothan, Alabama, 36302, by depositing the same in the United States Mail, postage prepaid and properly addressed.

This, the 30th day of May, 2008.

_____
Of Counsel

# ALABAMA UNIFORM TRAFFIC ACCIDENT REPORT

AST-27 REV. 1/91

DPS Accident No. _____

Sheet 1 of 1 Sheet(s)    Microfilm No. _____    Local Case No. 0703-0587

**LOCATION AND TIME**

- Date: 03/23/2007
- Time: 1125 PM
- Day of Week: F
- County: 26
- City: Ozark
- Highway Classification: Federal
- Local Zone: —

On Street, Road or Highway: U.S. 231
Street or Road Code: S053
At Intersection of or Between (Node 1): Marley Mill Rd. — 7366
And (Node 2): Goff Drive — 7357
Feet/Miles From: 100.00 Feet, Node 1
Intersection Related: Not Int. Related
Control Access Hwy Loc: N/A
Prime Contr Circums: 04
First Harmful Event: 20
Event Location: 1
Distance to Fixed Object: NA FT.

## UNIT 1 — DRIVER

- Driver Full Name: Ronnie Eugene Russ
- Street Address: 1998 Old Bonifay Rd
- City and State: Chipley, FL
- ZIP: 32428
- Telephone No: 850-638-2906
- DOB: 01/30/1969
- Race/Sex: W M
- DL State: FL
- Driver License No: R200-725-69-030-0
- DL Class: E
- DL Status: C
- CDL Status: N
- Residence Less Than 25 Miles: No
- Place of Employment: Winn Dixie, Chipley, FL
- Liability Insurance Co: State Farm
- Driver Condition: 1 - No Defect
- Sobriety: Officer's Opinion — Alcohol: No, Drugs: No
- Type Test Given: No Test
- Test Results: NA
- Maneuver: 01
- Travel Road Name: U.S. 231
- Road Code: S053
- Travel Direction: W, A-Not on Rd
- Other Contr Circumstance: 97
- Prime Harm Event: 20
- Event Loc: 1
- Veh Year: 2005
- Make: Niss
- Model: Fro
- Body: NA
- V.I.N.: 1N6AD07U85C401719
- License Tag Number: I28QNL
- State: FL
- Year: 2008
- Owner's Name: Same
- Type: 3 - Pick Up
- Usage: 1 - Personal
- Hazardous Cargo: 1 - None
- Attachment: 1 - None
- Contributing Defect: 97 - None
- Speed Limit: 65 MPH
- Est. Speed: 65 MPH
- Citation Offense Charged: None
- Damage Severity: 1 - None Visible, 3 - Disabled
- Vehicle Towed Away: Yes
- Occupants in Unit: 1
- Enter Point of Initial Impact: 1
- Vehicle Towed By Whom: Rahall Chev. Nissan
- To Where: Rahall Chev. Nissan, Chipley, FL

## UNIT 2 — DRIVER

- Driver/Pedestrian Full Name: Jackie Trawick
- Street Address: 228 Merioneth Drive
- City and State: Ozark, AL
- ZIP: 36360
- Telephone No: 334-445-0701
- DOB: 10/20/1958
- Race/Sex: W F
- DL State: AL
- Driver License No: 3772837
- DL Class: DM
- DL Status: C
- CDL Status: N
- Residence Less Than 25 Miles: Yes
- Place of Employment: unemployed
- Liability Insurance Co: Progressive
- Driver/Ped Condition: 1 - No Defect
- Sobriety: Officer's Opinion — Alcohol: No, Drugs: No
- Type Test Given: No Test
- Test Results: NA
- Maneuver/Action: 01
- Travel Road Name: U.S. 231
- Road Code: S053
- Travel Direction: W, A-Not on Rd
- Other Contr Circumstance: 97
- Prime Harm Event: 20
- Event Loc: 1
- Veh Year: 1995
- Make: Olds
- Model: Eig
- Body: 4D
- V.I.N.: 1G3HN52KXS4809842
- License Tag Number: 26B101H
- State: AL
- Year: 2007
- Owner's Name: Same
- Type: 1 - Auto
- Usage: 1 - Personal
- Hazardous Cargo: 1 - None
- Attachment: 1 - None
- Contributing Defect: 97 - None
- Speed Limit: 65 MPH
- Est. Speed: 40 MPH
- Citation Offense Charged: None
- Damage Severity: 1 - None Visible, 3 - Disabled
- Vehicle Towed Away: Yes
- Occupants in Unit: 1
- Enter Point of Initial Impact: 5
- Vehicle Towed By Whom: Transmatic Transmission
- To Where: Transmatic Transmission (Local)

---

EXHIBIT A

## SEATING

Involved Unit (Circle One)
- 12 - Pedestrian
- 13 - Rider of Domestic Animal
- 14 - Occ. of Non-Motorized Vehicle
- 15 - Victim of Other Circumstance/ Codes Not Applicable

Unit 1: 1, 42

Other Involved Safety Equipment: ___

Other Involved Unit (Circle One)
- 7 - Pedestrian
- 13 - Rider of Domestic Animal
- 14 - Occ. of Non-Motorized Vehicle
- 15 - Victim of Other Circumstance/ Codes Not Applicable

Unit 2: 2, 42

Other Involved Safety Equipment: ___

### CODES — SAFETY EQUIPMENT
- 01 - None Installed
- 95 - Not Applicable
- 99 - Unknown (Any Type)
- Lap Belt Only: 11 Fastened, 12 Not Fastened
- Lap/Shoulder Harness: 21 Lap Only Used, 22 Neither Used, 23 Shoulder Only Used, 24 Both Used
- Motorcycle Helmet: 31 None Used, 32 Used
- Air Bags: 41 Deployed, Belts Used; 42 Not Deployed, Belts Used; 43 Deployed, Belts Not Used; 44 Not Deployed, Belts Not Used
- Child Restraints: 81 Child Restraint Used, 82 Other Restraint Used, 83 None Used
- Pedal Cycle/Pedestrian: 51 Contrasting Clothing, 82 Non-contrasting Clothing

## VICTIMS

| Name | Address | Unit No | Seat Pos | Injury Type | Age | Sex | Ejection | First Aid By |
|---|---|---|---|---|---|---|---|---|
| Ronnie Eugene Russ | 1998 Old Bonifay Rd, Chipley, FL 32428 | 1 | 1 | B | 38 | M | N | M |
| Taken To: Dale Medical Center, Ozark, AL. | Taken By: Emergystat Ambulance Service | | | | | | | |
| Jackie Trawick | 228 Merianth Dr. Ozark, AL. 36360 | 2 | 1 | A | 48 | F | N | M |
| Taken To: Dale Medical Center, Ozark, AL. | Taken By: Emergystat Ambulance Service | | | | | | | |

### CODES
Injury Type: K - Killed; A - Visible or Carried from Scene; B - Bruise/Abrasion/Swelling; C - Not Visible—Has Pain/Faint
Ejected: N - Not; F - Fully; P - Partially; T - Trapped; U - Unknown; A - Not Applicable
First Aid By: A - Ambulance Attended; D - Doctor; M - Paramedic; O - Other; P - Police; U - Unknown; N - None

## NARRATIVE AND DIAGRAM

US 231 — 24'

US 231 — 24'

AOI, Guard Rail, N

Not to Scale

**Officer's Opinion of What Happened:** Unit 2 was traveling on U.S. 231 in the right lane. Unit 1 was behind Unit 2, following too close. Unit 1 struck Unit 2 on the rear and caused Unit 2 to lose control. Unit 2 crossed the opposing lanes and struck a guard rail.

## ROADWAY ENVIRONMENT

For Each Roadway Environment Field, Circle One Entry for Each Involved Unit

Unit 1: 1; Unit 2: 2

Contributing Road Defects: (4) None; 1-Shoulders Low; 2-Shoulders High; 3-Holes, Bumps, Etc.; 8-Other

Surface Construction: (1) Asphalt; 2-Concrete; 3-Brick; 4-Unpaved; 8-Other

Condition: (1) Dry; 2-Wet; 3-Icy; 4-Snowy/Slushy; 5-Muddy; 8-Other

Accident Is Or Related To Road Construction Zone? No

Material in Roadway (Contributing): (None); 2-Rocks; 3-Trees/Limbs; 4-Dirt; 5-Gravel; 6-Oil/Petrol; 8-Other

Material Source: (Not Applicable); 2-Natural Environment; 3-Dropped From Vehicle; 4-Already in Road, But Fell From Vehicle; 8-Other; 9-Unknown

Character: 1-Straight—Level; (2) Straight—Down Grade; 3-Straight—Up Grade; 4-Straight—Hillcrest; 5-Curve—Level; 6-Curve—Down Grade; 7-Curve—Up Grade; 8-Curve—Hillcrest

Vision Obscured By: (97) Not Obscured; 1-Buildings; 2-Signboard; 3-Trees, Crops, Bushes; 4-Blowing Snow/Sand; 5-Hillcrest; 6-Curve in Road; 7-Fog; 8-Parked Vehicle; 9-Moving Vehicles; 10-Blinded by Sunlight; 11-Fire/Smoke; 12-Dust; 13-Blinded by Headlights; 14-Embankment; 15-Rain on Windshield; 16-Snow on Windshield; 98-Other; 99-Unknown

Traffic Control: 1-Police Officer; 2-R.R. Crossing Gates; 3-R.R. Flashing Lights; 4-R.R. Cross Bucks/Pave Mark; 5-Pedestrian Control; 6-Traffic Signal; 7-Flashing Beacon; 8-Stop Sign; 9-Yield Sign; 10-Lane Control Device; 11-Flagger; 12-No Passing Zone; (97) None; 98-Other

Traffic Control Functioning: N/A; DOT Railroad Crossing No. NA

Opposing Lanes Separated By: 97-None; 1-Paved Surface; (2) Unpaved Surface; 3-Broken Painted Line; 4-Solid Painted Line; 5-Concrete Barrier; 6-Metal Guard Rail; 7-Fence; 98-Other Barrier

Trafficway Lanes: 1-One Lane; 2-Two Lanes; 3-Three Lanes; (4) Four Lanes; 5-Five Lanes; 6-Six Lanes or More

One-Way Street: Yes / (No)

Light: (1) Daylight; 2-Dawn; 3-Dusk; 4-Darkness—Road Not Lit; 5-Darkness—Road Lit

Weather: (1) Clear; 2-Cloudy; 3-Rain; 4-Snow; 5-Sleet/Hail; 6-Crosswind; 7-Fog; 8-Other

Locale: 1-Open Country; 2-Residential; (3) Shop'g or Business; 4-Mfg. or Industrial; 5-School; 6-Playground; 8-Other

Non-Vehicular Property Damage: 1-None Visible; 2-Light; 3-Moderate; 4-Severe

Property Damage Description: NA
Owner: ___

## INVESTIGATION

| Time Police Notified | Time Police Arrived | Time EMS Arrived | Name of Photographer |
|---|---|---|---|
| 1127 PM | 1135 PM | 1138 PM | NA |

Witness Full Name: NA
Witness Full Name: NA

Name of Investigating Officer: Christopher Paul Juneau — Officer ID: 120 — Agency ORI: 0260100 — Supervisor Reviewed: B.
Name of Other Investigating Officer(s) at Scene: NA

The data on this report reflects my best knowledge, opinion and belief covering the accident, but no warrant is made as to the factual accuracy thereof.

Signature of Investigating Officer: Chris Juneau

Date: 03-23-2007

# THE LAW OFFICES OF
# RUFUS R. SMITH, JR.

MAR - 5 2008

129 SOUTH ST. ANDREWS STREET
SUITE 102
P.O. DRAWER 6629
DOTHAN, ALABAMA 36302

TELEPHONE (334) 671-7959
FAX (334) 671-7957

TOLL FREE 800-234-6645
Email: rufusrsmith@yahoo.com

March 4, 2008

Joel W. Ramsey, Esq.
RAMSEY, BAXLEY, & McDOUGLE
Post Office Drawer 1486
Dothan, Alabama 36302

RE: Jackie Trawick vs. Ronnie Eugene Russ
Pending in the United States District Court for the Middle District of Alabama,
Southern Division
Civil Action Number: 1:07-CV-1101-MHT

Dear Joel:

I am in receipt of and appreciate your letter of March 3, 2008 with regard to the above referenced case.

It is my understanding that Dr. Richard Bendinger is the only healthcare provider currently treating the Plaintiff.

The Plaintiff received no Med-pay payments from Progressive.

The other answers to the Plaintiff's interrogatories are more than adequate.

I am not interested in scheduling the Plaintiff or Defendant's deposition until I receive the Defendant's responses to the Plaintiff's discovery requests.

Sincerely,

Rufus R. Smith, Jr.

RRSjr/mjh

EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

JACKIE TRAWICK, )
 )
    Plaintiff, )
 )
v. ) CIVIL ACTION NO. 1:07-CV-1101 MHT
 )
RONNIE EUGENE RUSS, )
 )
    Defendant. )

## DEFENDANT'S AMENDED ANSWER

Comes now the Defendant, Ronnie Eugene Russ, and for answer to the Plaintiff's Complaint, says as follows:

1. He acknowledges that he was involved in a motor vehicle accident with the Plaintiff at the time and place referred to in paragraph 1.

2. He acknowledges the jurisdictional allegations of paragraphs 2, 3 and 4.

3. He admits that he was involved in a motor vehicle accident with the Plaintiff at the time and place referred to in paragraph 5 of Count One.

4. He is without sufficient information to admit or deny the allegations of paragraphs 6 and 7 relating to the Plaintiff's alleged injuries and damages, and demands strict proof thereof.

5. Not Guilty and the General Issue.

6. The Defendant contends that at the time and place referred to in the Plaintiff's Complaint, the Plaintiff was guilty of negligence which proximately caused whatever injuries or damages she may have suffered in that she entered U.S. Highway 231 South from Marley Mill Road approximately 100 feet from the place where the

EXHIBIT C

collision occurred. At the intersection of Marley Mill Road and U.S. Highway 231, the Plaintiff had a duty to look for southbound traffic on U.S. 231 close enough to be a hazard. The Defendant either failed to look or failed to see the Defendant's oncoming vehicle and pulled out onto U.S. 231 from Marley Mill Road, thereby causing the subsequent collision between the parties. Due to the Plaintiff's Contributory Negligence, she is barred from recovering in this action.

                              RAMSEY, BAXLEY & MCDOUGLE

By_____
Joel W. Ramsey RAM 005
Attorney for Defendant
P. O. Drawer 1486
Dothan, Alabama 36302
(334) 793-6550
jwr@rbmlaw.org

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon Rufus R. Smith, Jr., Esq., P. O. Drawer 6629, Dothan, Alabama, 36302, by depositing the same in the United States Mail, postage prepaid and properly addressed.

This, the _____ day of _____, 2008.

_____
Of Counsel