IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JACKIE TRAWICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) Civil Action Number: 1:07-CV-1101-MHT |
| | ) |
| RONNIE EUGENE RUSS, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S AMENDED RULE 26 DISCLOSURE**

**COMES NOW** the Plaintiff, Jackie Trawick, and in compliance with the Court's Order of July 1, 2008 and Rule 26 (a)(2) of the *Federal Rules of Civil Procedure*, hereby amends her Rule 26 Disclosure to include the following; to-wit:

1. The Plaintiff intends to use Robert T. Tolbert, P.E., as an expert witness in this case. Mr. Tolbert is a consulting engineer whose mailing address is 653 County Road 2440, Arley, Alabama 35541.

2. A copy of Mr. Tolbert's resume/curriculum vitae is attached hereto as Exhibit "A".

3. A copy of Mr. Tolbert's written report signed by Mr. Tolbert is attached hereto as Exhibit "B".

4. Mr. Tolbert has not authored any publication within the preceding ten (10) years.

5. A list of other cases in which Mr. Tolbert has been retained as an expert within the preceding four (4) years is attached hereto as Exhibit "C".

6. Mr. Tolbert is being compensated at the rate of $200.00 per hour and

   reimbursement for hotel, travel, lab testing and other expenses at a surcharge rate of 20% with vehicle reimbursement allowed at the IRS mileage rate.

7. Exhibits to be used by Mr. Tolbert are being forwarded to Defendant's counsel by separate cover.

            /s/Rufus R. Smith, Jr.
            Rufus R. Smith, Jr. (SMI 060)
            Attorney for Plaintiff
            Post Office Drawer 6629
            Dothan, Alabama 36302
            (334) 671-7959
            FAX (334) 671-7957
            rufusrsmith@yahoo.com

## CERTIFICATE OF SERVICE

 I hereby certify that a copy of the foregoing has been served upon all counsel of record by placing a copy of the same in the U.S. mail, postage prepaid, and addressed as follows on this 31st day of July, 2008.

Joel W. Ramsey, Esq.
RAMSEY, BAXLEY, & McDOUGLE
Post Office Drawer 1486
Dothan, Alabama  36302

            /s/Rufus R. Smith, Jr.
            Rufus R. Smith, Jr.
            Of Counsel

# ROBERT T. TOLBERT, P.E.

Consulting Engineer
653 County Road 4240
Arley, Alabama 35541
Phone (205) 221-3988  Fax (205) 295-3876
Website: www.rtolbert.com
E-mail: robby@rtolbert.com



## RESUME / CURRICULUM VITAE

### PROFILE:

A licensed Professional Engineer (Alabama, Arkansas, Mississippi & Tennessee) with qualifications including a Bachelor's Degree in Mechanica Engineering from the
University of Alabama at Birmingham. A Graduate level Certificate in Structural Engineering from the University of Alabama at Birmingham an Master's Degree in
Civil Engineering from the University of Alabama at Birmingham. Over 31 years work experience in industrial/construction fields, with experier to becoming
an engineer) including commercial and residential construction, excavation services, fabrication shops, machine shops, automobile mechanics (dr for ten years),
farm equipment, HVAC, trucks and heavy equipment. A "hands-on" engineer, with an extremely strong aptitude, building construction, superb troubleshooting
abilities, with a thorough knowledge and understanding of machinery, automobiles, automobile wrecks, industrial settings, railroads, marine, and standards.
CAD software is used for design, projects and reconstruction, complete with plotter for up to 34" x 60" drawings or illustrations.

### WORK EXPERIENCE:

**Tolbert Engineering and Construction, LLC Self-Employed.** Engineering, construction and excavation services for residential and small com projects on
and around the Lewis Smith Lake, Alabama area. Innovative design and engineered construction for challenging projects structurally, topographi architecturally.

**Robert T. Tolbert, P.E.**, Self-Employed. Provide expert witness and Engineering consultation services to individuals, attorneys, industries and i companies
in the State of Alabama, and the Southeast. Services available include designs, drawings, opinions, analyses, reports, photographs, diagrams and

**Jefferson State Community College,** Part-time instructor. Teach courses in engineering/technical fields at Northeast campus. Includes teaching advanced
hydraulics/pneumatics courses to Boeing rocket engine test engineers in Decatur, AL.

**Southeast Control Systems, Inc.**, Project Engineer. Sole responsibility for designing, installing, programming and startup of CNC (Computer N Controls)
for manufacturing machine equipment. Includes selection of components, ladder logic programming, modification of machinery, machine design

**BE&K / Viatech**, (Contract Position), Design Engineer. Duties included design, layout and specifications of chemical plants. I designed and spe sizing,
standards, economics and procurement of pumps, piping, screens, pneumatics, hydraulics, fire fighting and safety equipment, etc.

**Reliable Automation and Conveyor Systems, Inc.**, Project Engineer (Contract Position). Duties included the design and construction of industr material handling
systems, such as conveyors, crane, monorails, robotics, PLC's (programmable logic controllers), hydraulics, pneumatics and electrical controls.

**Raytheon Engineers and Constructors** (previously Rust Engineering Co.), (Contract Position.), Design Engineer II. My duties and responsibilit included the
design and layout of paper mills, food plants and industrial facilities. I designed the oxygen delignification plant for the International Paper Riege project, and
designed projects such as Pillsbury, Mars Candy, Miller Brewing Company and others.

**Kustom Kreations**, Product and Compliance Engineering Manager. My duties and responsibilities include insuring that the manufacturing proce final
products of this company are in compliance with the requirements of Ford, General Motors, Dodge, RVIA (Recreational Vehicle Industry Associ FMVSS
(Federal Motor Vehicle Safety Standards). This includes safety, center of gravity calculations, and other functional testing and specifications. I r correspondence from the various manufacturers, Industry Associations, etc., and initiated whatever changes were necessary to bring this company compliance with
the mandates.

**Rust Engineering Co.**, Design Engineer I. My duties and responsibilities included the design and layout of paper mills, garbage disposal plants a to energy
plants. Most of my work was done primarily in the woodyard, screening towers, and stock prep areas, focusing on material handling, conveyors, fans,
blowers (pneumatic conveyors), pipe bridges, pumps, tanks, safety standards, etc. I was solely responsible for several general arrangement desigr

woodyards,
blower systems, conveyors, monorail systems, etc., which were approved by the clients and released for construction. This position involved freq trips, to
obtain existing site information and measurements.

**Airlock Manufacturing Co., Inc.** (Contract Position), Project Engineer. Duties and responsibilities included the design, manufacture, installatio up of
robotic pick and place machinery, utilizing vacuum pads for placement. I was given full charge design responsibility for several projects while th was flown to
several sites around the Northeastern US to represent the company on the technical issues of the projects. I performed all engineering calculation in the
design of these robotic machines, was the Engineer-In-Charge at startup and programmed the PLC's during the initial installation period.

**Thermo King Corp.**, (Contract Position), Project Engineer. Duties and responsibilities included the design and testing of railroad air conditionir equipment. I was
assigned the task of writing test procedures for the rebuild of rail car air conditioning units. I performed FEA (Finite Element Analysis – Stress A calculations
on the structures of the A/C units to insure that they would withstand the vibration and shock loads associated with RR service. This position req several trips to
Hornell, NY to represent the company to the customer on technical issues. I was given full charge responsibility of several aspects of the projects the
electrical design of the controls circuit.

**Kershaw Mfg. Co., Inc.**, Project Engineer. Duties and responsibilities included the design, manufacturing and demonstration of railroad mainter equipment. I
would take a project from the conceptual stage, evaluate the needs and function of the project, and design a machine within the scope of the speci and the
bounds of a budget. This included structural design, heavy emphasis on the electro-hydraulic (and/or pneumatic), engine selection, cab design, n control, etc. I
performed Finite Element Analysis (FEA) on crane structures, hydraulic/pneumatic design calculations (including heat generation and dissipation requirements,
bearing life and load, wrote several custom computer programs particular to the Railroad Industry (the products we built) and many other enginee functions
pertinent to the design and manufacture of custom equipment. I solely was responsible for a machine called the "Kribber/Adzer" that we designe for CSX
Railroad. The Head of Maintenance for CSX requested me personally to design two other projects after the Kribber/Adzer, those projects being t undercutter, and the dump car. I also developed a machine called a "Ramp Car" that loaded equipment from the track to a flat car for transportinŞ eliminated the use of a crane for loading equipment up to 80,000 lbs.

**BE&K Engineering Co., Inc.**, Design Engineer. Duties and responsibilities included the design and layout of paper mills. Most of my work was primarily in the
woodyard, screening towers, and stock prep areas, focusing on material handling, conveyors, screens, fans, blowers (pneumatic conveyors), pipe l tanks,
pumps, safety standards, etc. I prepared general arrangement drawings, mechanical details, flow sheets, P&ID's, and other necessary documentat extensive
use of Intergraph Microstation, computer programming, and did the engineering calculations necessary for the design of the conveyors, fans, blov screens, dust
control, etc. This position required frequent field trips to the project sites.

**Dravo Lime Co., Longview Division**, Plant Engineer/Maintenance Engineer/Safety Director. Duties and responsibilities included design and co of any and
all capital expansion projects, major repair/rebuild projects, maintenance and modification projects. I performed the engineering calculations nec the design
of conveyors, drives, ventilation, materials handling, hoppers, ducts, pipelines, pumps, enhancing combustion processes, etc. Major projects incl design and
construction of a chemical laboratory. All aspects of the lab were designed by myself, including the building, equipment, hazardous fume ventila system, chemical
containment areas, etc. I designed an acid injection system to bring the pH level of the quarry overflow water down to acceptable standards for d While
employed there, I was also responsible for the compliance with pollution and safety standards, dealing with OSHA, the Alabama Department of Environmental
Management (ADEM) and MSHA Mining Safety Health Act (Mining's version of OSHA) extensively. Designed the Roll Over Protective Struct (ROPS) &
Falling Object Protective Structure (FOPS) in accordance with SAE Standards

**Tree Farmer Equipment Co., Inc.**, Production Engineer. Duties and responsibilities included the design and manufacture of logging skidders. directly
responsible for the design of structures, powertrains, transmissions, hydraulics, brakes, grapples, and many other aspects of the design. After abo was given
full charge responsibility of the Research and Design Shop, a crew of four people, and the design, testing, and documentation of the prototypes th built. I was
also in charge of all pre-delivery testing of the machines that were built, including performance testing on a test course. I did all testing on the Rc Protective
Structure (ROPS) & Falling Object Protective Structure (FOPS) in accordance with SAE Standards.

**Tolbert Excavating Company, Inc.**, Owner/President. Operated an excavating contracting business, using bulldozers, front-end loaders, backhc compactors,
motor graders, and other types of heavy equipment to perform excavation services and grade work. Built roads, lakes, excavated building sites (r and
commercial), cleared land, septic tanks, compaction, fill work, hauling, etc.

**Turner Welding**, Welder/Fabricator/Machinist. Built fabricated and machined assemblies from detailed engineering drawings. Operated all sho equipment, rolls,
presses, welders, etc.

**Southern Research Institute,** Fabricator/Machinist. Worked as a welder/machinist building test equipment for research work at the institute. In types of
metals, such as stainless, titanium, magnesium, inconel, etc.

**US Navy**, Welder/Pipefitter/Damage Controlman. Attended welding school, pipefitting school and damage control schools in the Navy. Spent rr enlistment time as
a ship welder/damage controlman.

### LICENSES/EDUCATION/CERTIFICATIONS:

State of Tennessee Professional Engineer License Number 111157 (2006)
Alabama Onsite Wastewater Board – Advanced Installer's License Number 2103 (2006)
State of Arkansas Professional Engineer License Number 12327 (2006)
State of Mississippi Professional Engineering License Number 16727 (2005)
Master of Science Civil Engineering, University of Alabama at Birmingham (2005)
Graduate Structural Engineering Certificate, University of Alabama at Birmingham (2003)
Certified in Traffic Accident Reconstruction, Northwestern University (2001)
SME (Society of Manufacturing Engineers) Gear Design seminar, Nashville, TN (2000)
GE Fanuc Ladder Logic Programming, Chicago, IL (1999)
GE Fanuc i-Series Maintenance and Troubleshooting, Chicago, IL (1999)
State of Alabama Professional Engineering License Number 21013 (1995)
Mechanical Engineering Review, University of Alabama at Birmingham (1994)
Bachelor of Science Mechanical Engineering, University of Alabama at Birmingham (1990)
MSHA (Mining Safety Hazard Act) Several seminars (1987-1989)
Numerous seminars on pumps, screens, cranes, electrical equipment, etc. (1988-1998)
Associate of Applied Science, Jefferson State Junior College, Birmingham, Alabama (1988)
Welding School, Bessemer Tech, Bessemer, Alabama (1980)
Welding and Pipefitting, United States Navy, San Diego, California (1978)
Sheet Metal and Plate Fabrication, United States Navy, San Diego, California (1978)
Firefighting and Damage Control, United States Navy, San Francisco, California (1977)
Advanced Academic Diploma, Hewitt Trussville High, Trussville, Alabama (1976)
Basic Machine Shop Practice, Tarrant Vocational School, Tarrant, Alabama (1975)

# REPORT/REBUTTAL

By



## ROBERT T. TOLBERT, P.E.
Consulting Engineer
653 County Road 4240
Arley, Alabama 35541
Phone (205) 221-3988  Fax (205) 295-3876

| | |
|---|---|
| Date: | July 30, 2008 |
| Attorney: | Rufus R. Smith, Jr. |
| Client: | Jackie Trawick |
| Date of Accident: | March 23, 2007 |
| Materials reviewed: | Deposition of Jackie Trawick |
| | Deposition of Ronnie Eugene Russ |
| | Deposition of Larry F. Dewberry |
| | Report of Larry F. Dewberry |
| | Alabama Uniform Traffic Accident Report |
| | Photographs of the scene and vehicles |
| | Plaintiff's Objections and Answers |
| | Plaintiff's Objections and Supplemental Answers |
| | Response to Plaintiff's Request for Production |
| | Objections and Responses to First Request for Production of Documents |
| | Defendant's Answers to Plaintiff's Interrogatories |
| | Defendant's Response to Plaintiff's Request for Admission of Fact |
| | Inspection, measurement and photographs of the Accident scene |
| | Conversations with Counsel, Rufus R. Smith, Jr. |

All opinions in this report are based on the best knowledge and information available to the writer at the time this document was drafted. All opinions and conclusions expressed are subject to change should new evidence come to the knowledge of the writer. The opinions, analyses and conclusions expressed are based on statements of the above listed people, inspection, measurement and photographs of the scene, my knowledge and training of automobiles, automobile accidents, road design and vehicle dynamics.

## QUALIFICATIONS

Robert T. Tolbert, P.E. is a licensed Professional Engineer (Alabama, Arkansas, Mississippi & Tennessee) with qualifications including a Bachelor's Degree in Mechanical Engineering from

the University of Alabama at Birmingham, a Graduate level Certificate in Structural Engineering from the University of Alabama at Birmingham and a Master's Degree in Civil Engineering from the University of Alabama at Birmingham. Work experience includes over 32 years of industrial experience, mechanic/maintenance work, automotive mechanics, heavy equipment experience, mobile equipment design experience at Tree Farmer Equipment Company and Kershaw Manufacturing Company, where I designed mobile equipment. Formal education relating to the principles of accident reconstruction includes courses in physics, statics, dynamics, strength of materials, machine design, kinematics and dynamics of machinery, failure analysis, vibrations, and others while studying for my Bachelors degree in Mechanical Engineering. Formal coursework completed while pursuing my Master's degree in Civil (Structural) Engineering pertinent to this accident reconstruction includes structural dynamics, structural design, and pavement design. Further, I have also completed and received certification in Traffic Accident Reconstruction from Northwestern University, the leading institution in traffic accident reconstruction and research. My Curriculum Vitae is attached.

## OVERVIEW

The accident that is the subject of this case occurred on March 23, 2007 at about 11:25 a.m., Central Standard Time (CST). Jackie Trawick (hereinafter Trawick), of 228 Merioneth Drive, Ozark, Alabama 36360, had merged onto U.S. Highway 231 South from Marley Mill Road, just north west of Ozark, Alabama, and was driving her 1995 Oldsmobile in the right-hand lane when Ronnie Eugene Russ (hereinafter Russ) struck her from behind with his 2005 Nissan Frontier. Both drivers were taken from the scene in an ambulance to Dale Medical Center in Ozark, Alabama.

## REPORT/REBUTTAL

The following is a report on the accident involving Trawick and Russ. This report also, by implication and contrary opinions, serves as a rebuttal to the statements made by Mr. Larry F. Dewberry, P.E. in his report, listed above. Many of the statements below are in response or rebuttal to the cited opinions to which Mr. Dewberry has made in his report, testified to in his deposition and is expected to present if this matter goes to trial.

## EVALUATION

The basic facts of the accident are irrefutable; Russ' vehicle struck the rear of Trawick's vehicle somewhere between the entrance of the Marley Mill Road merging lane and the cut-through in the median just south of the entrance of the merging lane. Determining the exact location of the point of impact is somewhat difficult. Russ has not stated where the point of impact was. Trawick was not cognizant of the location of the point of impact due to the seriousness of her accident. The police office estimated the point of impact at 100.00 feet southeast of Node 1 (Marley Mill Road) on the Alabama Uniform Traffic Accident Report (hereinafter Accident Report), but does tie this distance to a definitive landmark. The distance from the merging lane of Marley Mill Road was measured as follows. As the Marley Mill Road merging lane enters U.S. Hwy 231 South, there are white stripes painted to either side of the merging lane and there is a white stripe painted along the western border of the right-hand lane of 231 South. The first definitive point to use as a point of measurement in this accident along U.S. Hwy231 South is

where the right-hand border stripe of U.S. Hwy 231 South in the direction of travel intersects the left-hand (northern) white border stripe in the direction of travel of the southbound merging lane of Marley Mill Road. The next definitive point to use as a point of measurement in this accident along U.S. Hwy231 South is where the right-hand border stripe of U.S. Hwy 231 South in the direction of travel intersects the right-hand (southern) white border stripe in the direction of travel of the southbound merging lane of Marley Mill Road. From the first definitive point to the apex of the northwestern grassed area of the median at the cut through where Trawick's vehicle crossed from the southbound lanes to the northbound lanes of U.S. Hwy 231, is a distance measured along the right-hand white border stripe of U.S. Hwy 231 South of approximately 315 feet. A "straight line" measurement of the same two points is approximately 322 feet. The distance from the second definitive point to the apex of the northwestern grassed area of the median at the cut through where Trawick's vehicle crossed from the southbound lanes to the northbound lanes of U.S. Hwy 231, is a distance measured along the right-hand white border stripe of U.S. Hwy 231 South of approximately 275 feet. A "straight line" measurement of the same two points is approximately 285 feet. Using this grass apex of the median as a point of beginning reference, Trawick's vehicle's final point of rest was a distance of at least 108 feet from this point of reference where the end of the guardrail on the shoulder side of the northbound side of U.S. Hwy 231 is located. As per the Accident report, Trawick's vehicle came to rest at some distance from the end of the guardrail alongside the guardrail. Although the drawing on the accident is depicted and labeled as "Not to Scale", the drawing does show the vehicle in a position some distance southeast of the end of the guardrail. The 108 foot distance quoted is a measurement to the end of the guardrail. From the first definitive point (U.S. Hwy 231 & Marley Mill) to the most conservative point of final rest is a total distance of 430 feet, in "straight line" distances. From the time Trawick's vehicle first entered U.S. Hwy 231 South until it came to rest at the point of final rest, Trawick's vehicle travelled a minimum distance of 430 feet, or about 1/12 of a mile. This is a long distance in an automobile accident.

There are several conflicting statements made in the description of pertinent positions of this accident. Trawick claims she had stopped at the yield sign as she looked onto the oncoming traffic on Hwy 231, pulled into the right-hand southbound lane of travel on 231, and was struck in the rear by Russ as she neared the cut through in the median across from the used car lot. She stated in a telephone conversation on July 28, 2008, she was "almost up to the cut-through" when Russ struck her. The police officer estimated the distance on the Accident Report as 100.00 feet from Marley Mill Road. Russ did not have any statement as to the location of the point of impact of the accident.

Obviously, the point of impact was somewhere between the merging lane of Marley Mill Road and the cut through in the median. Hypothetically, assume that Russ struck Trawick's vehicle 100.00 feet from the previously established definitive point one. *If* this indeed occurred, Russ would have struck Trawick's vehicle with sufficient force to propel her vehicle uphill a distance of approximately 220 feet, uphill, partially sideways (the car spun around during this accident, or did a "180" prior to striking the guardrail), then go through the cut through of the median, travel an additional 108 feet, uphill, partially sideways, until coming to rest at the side of the guardrail. This would be a distance of 328 feet, after the point of impact. This would require tremendous force, supplied by the speed and mass of Russ' vehicle. The speed Russ stated (65 mile per hour) would be insufficient to propel the Oldsmobile that distance. The damage to the vehicles is not consistent with an impact that would propel the Oldsmobile uphill, sliding sideways a distance of 328 feet, post impact. Had this occurred, it would require a much higher speed than 65 miles per hour on the part of Russ, much more damage to the vehicles, and most likely greater

injuries to the drivers of the vehicles. Another improbability of this hypothetical is that after the point of impact Trawick's vehicle would have to travel approximately 150-175 feet on down U.S. Hwy 231 South prior to beginning to spin around and go through the cut through in the median. This is highly improbable. When a vehicle is struck from the rear, and it loses control and spins around, the result of the impact is virtually immediate. The force from a non collinear impact causes the rear to be pushed off its path of travel, causing the vehicle's rear to slide to one side and the vehicle to steer to the other side. The effect is immediate, due to the impact. It is not a delayed reaction.

It is my opinion that Trawick was closer to the cut through than the 100.00 foot distance estimated by the police officer. Trawick was most probably within 50 feet of the cut through at the time of the impact. The impact would have caused a virtually immediate uncontrolled motion to the left hand side in the direction of travel due to a near, but non collinear collision by Russ' vehicle travelling at a higher rate of speed. This collision, if not collinear, would have pushed the rear of Trawick's vehicle to one side, causing her forward motion to have diverged from her initial intended path. This collision pushed the rear of Trawick's vehicle to her right-hand side, causing the vehicle to *immediately* steer (and travel) to her left-hand side, through the cut through in the median. Then the car pirouetted and travelled in a southeasterly direction, propelled by inertia until such time as it struck the guardrail and came to rest.

As Trawick's vehicle was immediately forced to her left-hand side, she did not strike the "big truck" that Russ stated was in the left-hand lane beside him. Further, in the telephone conference of July 28, 2008, Trawick claims she didn't see the big truck, or any other vehicle. Had this truck been where Russ stated, Trawick's vehicle should have contacted it in the collision, or Trawick should have seen it pass immediately prior to the accident.

The Accident Report drawing, although admittedly not to scale, depicts the point of impact as being near the cut through and does not even show Marley Mill Road on the drawing. Although as stated, there is no scale, but the important landmarks near the scene are typically drawn on the drawing. The point of impact appears to be near the cut through, based on the drawing, and Marley Mill Road is not shown. Also, it is this writer's opinion that the 100.00 distance estimated by the officer on the Accident Report is just that; an estimate. It is doubted that the officer actually measured the distance to be exactly 100.00 feet (no more, no less), but merely estimated the distance at 100 feet, and didn't measure at all. No measurements are given on the report, and it is believed that an estimate is what the 100.00 feet represents. In the Accident Report there are no notations of debris, skid marks, gouge marks, fluids, etc., and except for the 24' lane width dimensions, there are no dimensions on the drawing.

Russ had a clear view of the intersection where Trawick entered U.S. Hwy 231 South for approximately 1,800 feet prior to the 315 foot area in which the accident occurred. Trawick was not a fast moving vehicle. She stated she stopped at the intersection, although it is a yield sign. As she pulled into her lane of traffic, she stated she attained a speed of about 40 miles per hour prior to being struck from the rear by Russ' vehicle. Using an average speed of 20 miles per hour (1/2 the final speed), if the accident occurred at the hypothetical 100 foot mark from Trawick entering the highway, it would have taken Trawick a time of 3.4 seconds to travel the 100 foot distance in this hypothetical scenario. That would have given Russ almost three and one-half seconds of Trawick being in his lane to avoid her or slow to less than 40 miles per hour. Most all new vehicles can stop in a distance limited only by the coefficient of friction of the tire/pavement interface, due to the advent of antilock braking. The coefficient of friction is typically about 0.60 – 0.70 on a road such as U.S. Hwy 231. A vehicle should easily be able to

generate a 0.60 g's of negative acceleration on these pavement conditions. To slow from 65 miles per hour to 40 miles per hour in 2.5 seconds, allowing almost a full second (0.9 seconds) of reaction time, is a negative acceleration of 14.667 feet per second per second, or 14.667ft/s$^2$. This is only 0.45 g's of negative acceleration, well below the braking capabilities of the Nissan Frontier. This braking is only 66% of the effort required to lock the wheels. Even at the 100 foot estimated distance, Russ would have time to slow sufficiently to avoid a collision even if he hadn't seen her until the time she actually entered the roadway. *If* Trawick were struck 100 feet from where she entered the roadway, and it took her approximately 3.4 seconds to travel that distance, that would place Russ' vehicle 324 feet from the point of impact if indeed his vehicle was travelling at 65 miles per hour on cruise control as he testified. Russ had 324 feet, or over the length of a football field to slow or avoid Trawick.

It is my opinion that Trawick was 200 to 225 feet from where she entered U.S. Hwy 231 South. This distance is consistent with the facts of her car being impacted and immediately being diverted through the cut through and other factors noted above. It would have taken her about 6.8 to 7.7 seconds to travel this distance prior to being struck by Russ. Further, if she had travelled for 6.8 to 7.7 seconds that would place Russ' vehicle at a distance between 648 and 734 feet from the point of impact when Trawick pulled out onto U.S. Hwy 231 South. That is more than enough time for a moderate rate of braking to avoid the accident.

Dewberry, in his report, stated that Russ was between 263 feet and 604 feet from the point of impact when Trawick pulled onto U.S. Hwy 231 South, assuming the 100 foot distance measurement is correct. This is found in the "ANALYSIS" paragraph at the bottom of page 2 of Dewberry's report. Dewberry states that Russ has a minimum of 263 feet and as much as 604 feet to slow to 40 miles per hour or less. To avoid the accident, Russ only has to slow to a speed equal to or less than Trawick prior to the collision. He doesn't have to stop. A vehicle can easily come to a complete stop from 65 miles per hour in 263 feet; more distance makes it easier. Russ only had to slow, not stop. On page three of his report, in the "CONCLUSIONS" paragraph, Dewberry states, "Vehicle No. 1 [Russ, added] was between 200 and 600 feet away from the point of impact at the time Vehicle No. 2 pulled into its path of travel." From page 2 to page 3 of Dewberry's report, the minimum distance was shortened by 63 feet (23.95%) and the maximum distance was shortened by 4 feet; why? What changed the estimate of 263 feet to 200 feet? Dewberry cannot refute the fact that Russ struck the rear of Trawick. Dewberry attempts to make it appear that Trawick pulled immediately in front of Trawick, where Russ had no time to stop. Such an opinion is not supported by the facts. How does Dewberry explain the 430+ feet of distance that Trawick's vehicle would have to travel after being struck? The damage, distance, dynamics of the spin, etc. do not support this opinion. The fact is that Trawick was struck much closer to the cut through than Dewberry or the Accident Report shows. The Accident Report is believed to be an estimate; Dewberry based his report on the estimate in the Accident Report.

## CONCLUSION

In conclusion, the cause of this accident was Russ' inattention to the road. Trawick doesn't recall seeing Russ because when she pulled out he was over approximately an eighth of a mile from the point of impact. To an average driver, a vehicle that is an eighth of a mile away simply "doesn't exist" in their conscious awareness. Their eyes see the vehicle, but their mind subconsciously disregards it because it is far enough away that it is not a danger or a threat.

In my professional opinion, the sole cause of this accident to a reasonable degree of engineering certainty was the inattention of Ronnie Eugene Russ to the road ahead. He was either preoccupied, looking at some distraction, sleepy or something that took his focus from the road ahead. To prove this inattention, he did not see Trawick enter the road. As per Dewberry, Russ also had 19 seconds of unobstructed view of the intersection to see Trawick pull out. He didn't see her pull up, stop and pull out into the road. He only saw her in the minute period of time that elapsed between perception and collision.

Sincerely,

*[signature: Robt T Follet]*

Alabama Professional Engineer 21013

List of Cases in which Robert T. Tolbert, P.E., has been retained as an expert within the preceding four years

| PLAINTIFF | | DEFENDANT | TYPE CASE | ATTORNEY | ST | INITIAL | | STATUS |
|---|---|---|---|---|---|---|---|---|
| Rheem Water Htrs | vs. | N/A | C & O house fire – Investigate water heater | Treadwell, Mark | AL | Apr-03 | I | INVEST |
| TJ's BBQ | vs. | N/A | Burned building – Cause & origin | Massengill, Mark | AL | May-03 | I | INVEST |
| Bender | vs. | Waste Management | Auto accident reconstruction garbage truck | Salloum, Richard | MS | May-03 | D | SETTLED |
| Lohner | vs. | Chart Industries | Product liability/industrial accident | Elliott, Martha | LA | Jun-03 | P | SETTLED |
| Collins | vs. | ??? | Industrial accident - milling machine | Rickard, Jeff | AL | Jun-03 | P | SETTLED |
| Days Inn | vs. | N/A | Product liability – Faulty water system | Frazier, Darla | AL | Aug-03 | I | INVEST |
| Goins | vs. | Mercury Marine | Product liability – Fatality | Hicks, Rebecca | TN | Aug-03 | P | UNKNOWN |
| Henley | vs. | Case Tractor | Industrial accident – FOPS failure | Beard, Michael | AL | Sep-03 | P | SETTLED |
| Giles Kendall | vs. | N/A | Crane overturning analysis | Massengill, Mark | AL | Sep-03 | I | INVEST |
| Piazza | vs. | YYY | Auto accident reconstruction | Piazza, Anthony | AL | Sep-03 | I | UNKNOWN |
| Smith | vs. | Currahee Trailers | Product liability/auto accident reconstructio | Wallace, Rich | TN | Oct-03 | P | SETTLED |
| Watkins | vs. | YYY | Auto accident reconstruction | Dodd, Brent | AL | Nov-03 | P | UNKNOWN |
| Washington | vs. | Stringfield | Auto accident reconstruction – pedestrian | Farris, Kirby | AL | Dec-03 | P | SETTLED |
| Anderson | vs. | Farnsworth | Auto accident reconstruction | Zuccarello, Donald | TN | Dec-03 | P | SETTLED |
| Hulsey | vs. | ??? | Industrial accident | Melton, Tom | AL | Jan-04 | P | UNKNOWN |
| Cox | vs. | City of Hoover | Auto accident reconstruction | Forstman, Leigh | AL | Feb-04 | P | SETTLED |
| Galbreath | vs. | John Deere | Product liability – safety issues | Smith, William W. | AL | Feb-04 | P | SETTLED |
| Havens | vs. | YYY | Auto accident reconstruction | Yaghmai, Greg | AL | Feb-04 | P | UNKNOWN |
| Shores | vs. | Lampe | Auto accident reconstruction | Clem, Patricia | AL | Mar-04 | P | SETTLED |
| Lee | vs. | City of Ashford | Sewage failure liability | Smith, Rufus | AL | Apr-04 | P | PLAINTIFF |
| Johnson | vs. | McNeilus | Product liability – safety issues | Bryan, Nat | AL | May-04 | P | DECLINED |
| Vance | vs. | Richards Trucking | Truck accident - faulty brakes | Laning, David | AL | May-04 | P | SETTLED |
| Moye | vs. | Pugh | Auto accident reconstruction | Laning, David | AL | May-04 | P | UNKNOWN |
| State of Mississippi | vs. | Jonathon White | Auto accident reconstruction | Brice Kerr | MS | Jun-04 | D | Plea Bargain |
| Green | vs. | Allendale/Stevens | Industrial accident (product liability) | Turnage, Ellis | MS | Jul-04 | P | SUM JUDGT |
| Bailey-Miller | vs. | DeLonghi | Product liability | Harrington, Penny | AL | Aug-04 | P | SETTLED |
| Day | vs. | ??? | Auto accident reconstruction - rear end | Laning, David | AL | Aug-04 | P | DECLINED |
| XXX | vs. | Winn Dixie | Industrial accident - pallet jack | Bryan, Nat | AL | Sep-04 | P | SETTLED |
| XXX | vs. | YYY | Structural investigation - truss | Lewis, John | AL | Sep-04 | I | INVEST |
| Bookout | vs. | Kohler | Product liability - lawn mower engine | Riley, ?? | AL | Oct-04 | P | UNKNOWN |
| Fitzgerald | vs. | ??? | Industrial accident | Turnage, Ellis | MS | Nov-04 | P | SETTLED |
| Hodges | vs. | Dollar General | Industrial accident – guarding on conveyor | Turnage, Ellis | MS | Dec-04 | P | SETTLED |
| Dental office | vs. | Gallet Engineering | Failure to perform proper engineering serv | Francis, Tim | AL | Dec-04 | P | DEFENSE |
| XXX | vs. | Riders H-D | Product liability crash bars | Lewis, John | AL | Jan-05 | I | INVEST |
| Handley | vs. | Pivco | Industrial accident case - fatality | Rickard, Jeff | AL | Mar-05 | P | DECLINED |
| Wiggins | vs. | ??? | Industrial accident - heavy equipment | Bryan, Nat | AL | Mar-05 | P | SETTLED |
| Farmer, Donna | vs. | N/A | House inspection - water damage | Frazier, Darla | AL | | I | INVEST |


EXHIBIT C
PENGAD-Bayonne, N. J.

| Plaintiff | | Defendant | Description | Attorney | State | Date | P/I | Status |
|---|---|---|---|---|---|---|---|---|
| ??? | vs. | ??? | Industrila accident - stump grinder | Lasseter, Alan | AL | Mar-05 | P | UNKNOWN |
| Holmes | vs. | N/A | House inspection - tree damage | Frazier, Darla | AL | Apr-05 | I | INVEST |
| Colley | vs. | Brasfield & Gorrie | Construction Accident | Laning, David | AL | Apr-05 | P | SETTLED |
| Nunnery | vs. | ??? | Auto accident reconstruction | Laning, David | AL | Apr-05 | P | SETTLED |
| Zhi | vs. | Grand Casino | Elevator accident | Logan, Floyd | MS | Apr-05 | P | SETTLED |
| Farmers Insurance | vs. | Contractor | Faulty fireplace installation | Pingatore, Ron | AL | Apr-05 | I | INVEST |
| Harris | vs. | Energen | Industrial accident - oil pumping machine | Cross, Silas | AL | May-05 | I | INVEST |
| Ruffin | vs. | N/A | House inspection - Jacuzzi damage | Frazier, Darla | AL | May-05 | P | INVEST |
| Underwood | vs. | Academy Sports (?) | Product liability - b'ball goal | Parnell, Mark | AL | May-05 | P | SETTLED |
| Gunn | vs. | Allendale/Stevens | Auto accident reconstruction | Yearout, Jason | AL | May-05 | P | UNKNOWN |
| Sparks | vs. | ??? | Insurance claim dispute | Beard, Michael | AL | Jun-05 | P | SETTLED |
| XXX | vs. | Tecumseh | Workman's comp claim | Kirchbaum, Randy | TN | Jun-05 | I | INVEST |
| HU | vs. | American Honda | Auto accident reconstruction | Osborn, R.A. | MS | Jun-05 | P | SETTLED |
| Wimpee | vs. | Yerby | Auto accident reconstruction | Colvin, Gerald | AL | Jun-05 | P | ONGOING |
| Scott, Christy | vs. | N/A | House inspection - water infiltration | Frazier, Darla | AL | Jul-05 | I | INVEST |
| Devaney | vs. | US Steel | Industrial Accident | Rickard, Jeff | AL | Aug-05 | P | SETTLED |
| XXX | vs. | YYY | Hard hat failure analysis | Dolan, Judy | AL | Oct-05 | P | DECLINED |
| Castanada | vs. | Waste Management | Auto Accident | Salloum, Richard | MS | Oct-05 | P | SETTLED |
| Doyle | vs. | Hannah Steel | Industrial Accident | Rickard, Jeff | AL | Nov-05 | P | ONGOING |
| Nix | vs. | General Motors | Seat belt failure | Sturkie, Jason | SC | Nov-05 | P | DECLINED |
| Ford | vs. | Snow | Industrial accident - OSHA issues | Ifediba, Anthony | AL | Dec-05 | P | SETTLED |
| ??? | vs. | Simonds | Saw accident | Clay, Carter | AL | Dec-05 | P | UNKNOWN |
| Fernandez | vs. | N/A | House inspection - water heater damage | Frazier, Darla | AL | Jan-06 | I | INVEST |
| Carroll | vs. | ??? | Truck accident - fatality | Amos, Annie | MS | Jan-06 | P | ONGOING |
| Jordan | vs. | Letson Farms | Drainage damage | Laning, David | AL | Feb-06 | P | SETTLED |
| 37 Clients | vs. | Quarry | Blasting damage | Hancock, Brian | AL | Mar-06 | P | SETTLED |
| Lacey | vs. | N/A | House inspection - water damage | Frazier, Darla | AL | Apr-06 | P | INVEST |
| ??? | vs. | Caterpillar/Thompson Tracto | Faulty fuel fitting | Shaw, Jim | AL | Aug-06 | P | SETTLED |
| Richie | vs. | N/A | Fire damage to house | Frazier, Darla | AL | Sep-06 | I | INVEST |
| Garner | vs. | Keller Ladder | Ladder failure | Smith, Marshall | AL | Nov-06 | P | ONGOING |
| Reynolds | vs. | N/A | Auto damage to house | Frazier, Darla | AL | Dec-06 | I | INVEST |
| Webster | vs. | ??? | Industrial accident - film roll | James, Charles | AL | Dec-06 | P | DROPPED |
| Bonner | vs. | Chevron station | Slip & fall on parking area | Laning, David | AL | Feb-07 | P | SETTLED |
| ??? | vs. | Mitsubishi fork lift | Industrial accident - fork lift | Howard, Kelvin | AL | Feb-07 | P | ATT DECL |
| Edwards | vs. | Craftsman saw | Industrial accident | Bryan, Nat | AL | Mar-07 | P | ONGOING |
| Hyundai | vs. | Contractor | Industrial tank compliance to code | Andreen, Rhonda | AL | Mar-07 | I | INVEST |
| Lindsey | vs. | Eisenmann | Industrial accident - robotic machine | Rickard, Jeff | AL | Apr-07 | P | ONGOING |

| | | | | | | |
|---|---|---|---|---|---|---|
| Corley | vs. | ??? | Auto accident recon - rear end | Howard, Kelvin | AL | Apr-07 | P | ONGOING |
| Self | vs. | Newtron | Improper hydraulic hammer application | Leister, Curtis | TX | May-07 | P | ONGOING |
| Mullins | vs. | Scott Corley et al | Truck accident - bad brake slack adjusters | Laning, David | AL | Jul-07 | P | SETTLED |
| ??? | vs. | ??? | Crane overturning accident | Thompson, Raymond | AL | Jul-07 | I | ONGOING |
| Cline | vs. | Roper | Crane accident faulty hydraulic valves | Laning, David | AL | Jul-07 | P | SETTLED |
| XXX | vs. | YYY | Auto accident reconstruction | Ifediba, Anthony | AL | Aug-07 | P | DECLINED |
| Parsons | vs. | Neumin | Skid steer loader accident | Leister, Curtis | TX | Aug-07 | P | ONGOING |
| Kimber | vs. | Alabama Forklift Sales | Forklift accident | Shamblin, Jason | AL | Oct-07 | P | DECLINED |
| Farmers Insurance | vs. | Contractor | Subrogation | Crinigan | AL | Dec-07 | I | ONGOING |
| Greenslade | vs. | Hyde | Auto accident reconstruction | Laning, David | AL | Dec-07 | P | ONGOING |
| Bamberg | vs. | United Rental | Industrial accident | Laning, David | AL | Dec-07 | P | ONGOING |
| Alphord | vs. | Daniels | Building Construction | Smith, Rufus | AL | Jan-08 | P | ONGOING |
| ? | vs. | ? | Product liability | Watson, Russell | AL | Feb-08 | P | ONGOING |
| Walker | vs. | Colburn | Auto Accident | Bevill, Don | AL | Mar-08 | P | ONGOING |
| Collins | vs. | WalMart | Slip & Fall | Bevill, Don | AL | Mar-08 | P | ONGOING |
| McDonald | vs. | Cornelius | Auto/motorcycle accident | Swatek, Bill | AL | Mar-08 | P | ONGOING |
| Premier Medical | vs. | Carrier | Commercial Fire - Insurance | Lieb, John | AL | Apr-08 | P | ONGOING |
| Albritton | vs. | TrussJoist | Industrial Accident | Laning, David | AL | Apr-08 | P | ONGOING |
| Hilliard | vs. | Century Plaza | Slip & Fall | Blankenship, Brandon | AL | Apr-08 | P | ONGOING |
| Walker | vs. | Waites | Truck Accident | Laning, David | AL | May-08 | P | ONGOING |
| Pope | vs. | ? | Auto Accident | Swatek, Bill | AL | May-08 | P | ONGOING |
| Vaugn | vs. | City of Mobile, AL | Auto accident | Leslie, Phillip | AL | May-08 | P | ONGOING |
| Young | vs. | Gardner | Auto Accident | Walker, Randolph | MS | Jun-08 | P | ONGOING |